## HOBBS v. THE STATE.

CANDLER, Justice. W. R. Hobbs was convicted of the murder of William Anderson, without a recommendation of mercy. His motion for new trial, as amended, was overruled, and he excepted. *Held:*

1. Special ground one complains because the court charged on the law relating to confessions of guilt. That charge was based on the following testimony of the sheriff: "I brought the defendant back to Waynesboro and put him in jail. The defendant did make statements to me about this affair . . and he told me already that he had whipped the child and whipped it too much. He never said anything about the place on his face and I asked him, 'Now Hobbs,' I said, 'You have told me everything except how the child got his face cut. How did that happen, but you don't have to tell me.' He said, 'Well, I bit it out.' He told me he beat the child and beat it too much." The statement of the defendant does not constitute a plenary confession of guilt of the offense charged. At most, it amounts only to an incriminating admission, and in such a case it is error for the trial court to charge the law on confessions. *Owens v. State,* 120 *Ga.* 296 (48 S. E. 21); *McCloud v. State.* 166 *Ga.* 436, 441 (143 S. E. 558); *Johnson v. State,* 204 *Ga.* 528 (50 S. E. 2d, 334).

2. Special ground two assigns error on the failure to charge the law of involuntary manslaughter. The jury would have been authorized to find, from the incriminating admission of the defendant, as shown by the testimony of the sheriff, that the homicide happened in the commission of an unlawful act, but without any intention to kill. There was no direct evidence that the instrument used was a weapon likely to produce death, in the manner in which it was used at the time. The law of involuntary manslaughter, as defined by the Code, § 26-1009, is therefore involved in the case, and the failure of the judge, even without a request, to fully instruct the jury on this subject was error. *Jackson v. State,* 76 *Ga.* 473; *Joiner v. State,* 129 *Ga.* 295 (58 S. E. 859); *Kelly v. State,* 145 *Ga.* 210 (88 S. E. 822).

3. Special ground three, which complains of the charge on the subject of admissions, as defined by the Code, § 38-409, is too incomplete and indefinite to present any question for decision.

4. Special ground four was expressly abandoned in the brief of counsel for the plaintiff in error, and consequently requires no consideration.

5. Where a conviction does not depend entirely on circumstantial evidence, a failure to charge the rule applicable to the sufficiency of such evidence to authorize a conviction is not error. *McElroy v. State,* 125 *Ga.* 37 (53 S. E. 759). In view of the incriminating admission of the defendant that he "beat the child and beat it too much," and the evidence from other sources concerning the nature and extent of the bruises and marks on the body of the deceased, and the apparent cause of death therefrom, it cannot be held that the case is one wholly dependent upon circumstantial evidence. Accordingly, in the absence of an appropriate written request, it was not error to omit a charge on the law of circumstantial evidence. *Paramore v. State,* 161 *Ga.* 166 (8) (129 S. E. 772); *Blocker v. State,* 185 *Ga.* 322 (195 S. E. 207); *Booth v.*

*State,* 198 *Ga.* 648 (32 S. E. 2d, 303). Special ground five is therefore without merit.

6. Inasmuch as the defendant will be tried again, and the evidence may possibly be different then, we will not rule upon the sufficiency of the evidence to support the verdict, but will reverse the judgment denying a new trial on the grounds that the court erred in charging the jury upon the law of confessions, and in failing to charge the law of involuntary manslaughter.

*Judgment reversed. All the Justices concur.*

No. 16806. OCTOBER 12, 1949.

*R. U. Harden, W. W. Newton,* and *M. C. Barwick,* for plaintiff in error.

*Eugene Cook, Attorney-General, George Hains, Solicitor-General,* and *Rubye G. Jackson,* contra.