## 37281.   FOX *v*. THE STATE.

DECIDED SEPTEMBER 12, 1958.

*John J. Sullivan*, for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, James F. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.

GARDNER, Presiding Judge.   1.   It is elementary that in order to sustain a verdict of guilty as to the general grounds the evidence must show the guilt of a defendant beyond a reasonable doubt.   If the verdict is decidedly against the preponderance of evidence, then reversal is indicated.   By reference to the evidence it will be noted that there was testimony from a real-estate broker that the broker had done business "with Mr. Ray Clanton and Mr. Reginald C. Fox in regard to the lease of a used car lot for their joint use.   .   ."   There were other witnesses who testified to the effect that there was a partnership between Clanton and the defendant.   Since the case is being reversed on special grounds, the matter of passing on the general grounds is a moot

question and will be reserved for decision should the case come to this court again.

2. Special ground 1 assigns error because it is alleged that the court erred in failing to charge the jury as follows: "I charge you that if you find from the evidence that there was a partnership between the defendant and Ray Clanton, from whom the State charges the property in question was taken, then, in that event, you must find defendant not guilty because a part owner or partner is not guilty by taking joint or partnership property from the other, for each owns an undivided interest in the property and there is in fact no taking."

Special ground 2 assigns error because it is alleged that the court erred in failing to charge the following requested excerpt: "I further charge you that if you find that the property alleged to have been taken by the defendant was the property of the partnership in which the defendant was a partner, then you must acquit."

Special ground 3 assigns error because it is alleged that the court erred in failing to charge the following excerpt, after having been requested to do so: "I charge you that each partner in a partnership is the ultimate owner of an undivided interest in all partnership property, and further none of such property can be said with reference to any partner, to be the property of another, thus, if you find that the conversion of the property was in fact the property of the partnership existing between the defendant and the prosecutor, Ray Clanton, then you must find the defendant not guilty."

Special ground 4 assigns error because it is alleged that the court refused to charge the following request: "I further charge you that if you find that the defendant disposed of the property in question and that the property was the property of the partnership in which the defendant was a partner, even though the said defendant in disposing of the receipts from the sale of said property converted the entire receipts to his own benefit he would still not be guilty of larceny but would only be civilly liable to the partner for the partner's share in said proceedings."

Inasmuch as all of the special grounds concern failure to charge the matter of interest in the allegedly converted partnership

property, we shall consider all of the special grounds together. That part of Code § 26-2809 which is pertinent to the questions now before us reads: "Any person who has been entrusted by another with . . . or any other article or thing of value, for the purpose of applying the same for the use or benefit of the owner or person delivering it, who shall fraudulently convert the same to his own use, shall be punished. ·. ."

Under the record of this case it was error for the court to refuse to charge on the principle of law covering intention to convert partnership property. See *Causey* v. *State*, 79 *Ga.* 564, 565 (5 S. E. 121, 11 Am. St. R. 447); *Lee* v. *State*, 102 *Ga.* 221 (29 S. E. 264) and *James* v. *State*, 114 *Ga.* 96 (39 S. E. 946).

There is no doubt that the defendant contended partnership and there is evidence that the partnership existed between the defendant and Ray Clanton. In view of such contentions and in view of the evidence it was error for the judge to refuse to charge on the conversion of partnership property by a partner.

The court erred in denying the motion for a new trial as to all of the special grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*