40063.   HOPKINS v. SICRO.

Decided April 30, 1963.

692

*Miles B. Sams,* for plaintiff in error.

FELTON, Chief Judge. ■ A motion to strike, or to dismiss, is, in effect, a general demurrer and is therefore subject to the rule that it is ineffectual unless the pleading against which it is directed as a whole is fatally defective. *Venable v. Gresham,* 105 Ga. App. 720, 721 (125 SE2d 507) and citations. The petition alleged that the plaintiff was driving within her own lane at a reasonable rate of speed; that the collision occurred late at night and that the portion of the house which protruded into the plaintiff's lane was unlighted; and that the defendants' alleged acts of negligence were the sole and proximate cause of

the collision. These allegations set out a cause of action sufficient to withstand a general demurrer, hence the court did not err in overruling the motion to dismiss.

■ In passing upon the general grounds of a motion for new trial, this court will not disturb the trial court's refusal to grant a new trial if there is any evidence to support the judgment. *City of McRae v. Folsom,* 191 Ga. 272, 276 (11 SE2d 900); *Madison v. Montgomery,* 206 Ga. 199 (2) (56 SE2d 292); see also annotations under *Code* § 70-202, catchword "Judge." The plaintiff testified that preceding the collision she saw a large, dark, unlighted shape which she could not identify and that she immediately stopped her automobile, whereupon she was struck by what she later learned was the house. The plaintiff's husband testified that he was a passenger in the plaintiff's automobile at the time of the collision; that he could not drive, had never driven and did not have a license to drive an automobile; that although the street was lighted he did not see the house; that there were no lights on the house or warnings given him by the driver of the truck or by any other means. Defendant Hopkins testified that he owned the truck; that he had hired the men who were operating it for him; that the house covered more than one-half of the roadway; that he was moving about five miles per hour; that the house had lights across the top and on the back; that a lead car was furnished to give warning to approaching vehicles; that lights were being flashed as the plaintiff approached. An occupant of the truck testified that his job was to give warning to approaching vehicles; that he was flashing a red flash light in front of the truck; that there were lights on the truck and on the house. An occupant of the lead car testified that he was also waving a warning light and that there were lights on the house when he last saw it. All three of the latter witnesses testified that they identified the plaintiff's husband as the driver of the plaintiff's automobile. The conflicts in the evidence were questions for the trior of fact and not one of law for this court. "As the case was submitted to the judge for determination of all issues without a jury, wherever it is necessary to consider any conflict in the evidence in the record, that view of it must be taken which is

most favorable to the prevailing parties." *City of McRae v. Folsum,* 191 Ga. 272, 276, supra. The general grounds were therefore without merit and the motion was properly overruled.

The court did not err in its judgments overruling the motion to dismiss and the motion for new trial.

*Judgments affirmed. Eberhardt and Russell, JJ., concur.*