## 42673. CARMICHAEL v. THE STATE.

Submitted April 4, 1967—Decided April 18, 1967.

*Arthur C. Farrar, George Jordan,* for appellant.
*Dewey Hayes, Solicitor General,* for appellee.

JORDAN, Judge. ■ Headnote 1 requires no elaboration.

■ In instructing the jury the trial judge eliminated involuntary manslaughter in any form from consideration by the jury, and restricted the jury to a choice, under the evidence, of conviction of murder or voluntary manslaughter, or acquittal, including acquittal upon a determination that the shooting was accidental, unmixed with any evil design or culpable neglect by the accused. The first enumerated error is directed generally to the overruling of the motion for a new trial, and is argued on the basis that the evidence warranted instructions on the lesser offenses of involuntary manslaughter in the commission of an unlawful act and involuntary manslaughter in the commission of a lawful act. The second and third enumerated errors are directed to instructions concerning punishment for manslaughter, and findings in relation to murder, manslaughter, and acquittal, wherein the trial court used the term manslaughter without specifying that it was referring solely to voluntary manslaughter,

■

and the accused argues that the court erred in failing to refer to manslaughter as voluntary manslaughter. The fourth through the tenth enumerations are directed to the failure to instruct on the law of involuntary manslaughter.

Since, under the instructions as given, its consideration of manslaughter as an offense was limited to voluntary manslaughter, the jury could in no way be misled by isolated references to "manslaughter" instead of "voluntary manslaughter." The real issues, as we view the case, are whether the evidence would authorize consideration of involuntary manslaughter in any form, and whether, upon determining or assuming that the evidence authorized consideration of involuntary manslaughter, its omission from the instructions as given was harmful to the accused.

Involuntary manslaughter is an unintentional homicide resulting from the commission of an unlawful act, with certain exceptions deemed to be murder, or an unintentional homicide resulting from the commission of a lawful act in an unlawful manner, which might produce such a consequence. *Code* § 26-1009. A determination by the jury that the death was accidental, absent any evil design, intention, or culpable neglect, requires a finding of not guilty of any offense. *Code* § 26-404. As we view the evidence, excluding consideration of murder, the homicide resulted from the intentional acts of the accused in shooting the decedent in a fit of passion during the course of an altercation, or the shooting occurred accidentally while the accused was attempting to wrest possession of the revolver from the decedent. Under either of these views involuntary manslaughter in either form as an offense is eliminated, and the incident is either voluntary manslaughter (*Code* § 26-1006) or an accidental shooting. The latter view conforms to the admissions of the accused made to the sheriff shortly after the incident, her statement at the trial, and is supported to some extent by other evidence. Under the evidence instructions on involuntary manslaughter were not required. See *Scott v. State,* 210 Ga. 137 (2) (78 SE2d 35); *Robinson v. State,* 124 Ga. 787 (53 SE 99); *Golatt v. State,* 130 Ga. 18 (2) (60 SE 107); *Washington v. State,* 137 Ga. 218 (2) (73 SE 512); *Drane v. State,* 147 Ga. 212 (2) (93 SE 217); *Goodwin v. State,* 148 Ga. 33 (1)

(95 SE 674); *Harris v. State*, 184 Ga. 165 (2) (190 SE 554); *Elder v. State*, 212 Ga. 610 (4) (94 SE2d 730); *Hicks v. State*, 216 Ga. 574 (3) (118 SE2d 364); *Metts v. State*, 74 Ga. App. 708 (2 a) (41 SE2d 328); *Sweat v. State*, 103 Ga. App. 747 (2) (120 SE2d 653).

In reading the foregoing conclusion we are not unmindful of the numerous holdings to the effect that instructions as to a particular degree of homicide should be given in the event of any doubt as to whether the evidence raises an issue as to such degree of homicide. See *Freeman v. State*, 158 Ga. 369 (2a) (123 SE 126); *Graham v. State*, 34 Ga. App. 598 (2) (130 SE 354); *Cain v. State*, 39 Ga. App. 128 (2) (146 SE 340); *Jackson v. State*, 43 Ga. App. 468 (159 SE 293); *Lee v. State*, 70 Ga. App. 61 (27 SE2d 347); *Davis v. State*, 93 Ga. App. 253 (3) (91 SE2d 316). But if we concede in this case, in arguendo, that the evidence did indicate or could support a finding of involuntary manslaughter in one form or another, the failure to submit these issues to the jury was actually favorable to the accused, for unless the jury was convinced beyond a reasonable doubt that the essentials of either murder or voluntary manslaughter were present, it had no alternative but to acquit the accused, either on the theory of an accidental shooting or for other reasons, and under these circumstances the accused has no just ground for complaint. *Hill v. State*, 41 Ga. 484, 505 (10); *Fair v. State*, 171 Ga. 112 (2) (155 SE 329); *Harris v. State*, 184 Ga. 165, supra; *Walton v. State*, 190 Ga. 746 (2) (10 SE2d 755); *Hicks v. State*, 216 Ga. 574, supra.

There is no merit in any of the enumerated errors discussed in this division of the opinion, and the accused has abandoned the eleventh enumerated error, asserting a failure to instruct as to accidental homicide, which controverts the record showing that the trial judge actually did so instruct the jury.

■ There is no merit in the twelfth enumerated error, based on the failure to instruct on the law of self-defense.

■ The evidence supports the verdict and judgment, and no error of law appearing, the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*