## 44817. PRIMUS v. THE STATE.

HALL, Presiding Judge. The defendant was indicted and tried for murder. The trial court charged the jury on murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act and accident. The jury returned a verdict of voluntary manslaughter and set the sentence at 12 years. The defendant appeals.

The defendant's sister-in-law, Betty Jean, was employed as a maid by a local doctor. Defendant's wife became suspicious of the relationship when her sister began receiving costly gifts. She asked defendant, another sister and her husband to accompany her to Betty Jean's apartment to "talk about what she was doing." Upon arrival they saw the doctor's car parked out front, and Betty Jean opened the door wearing a bathrobe. The bedroom door was closed at this time. Fighting immediately broke out among the the women. Betty Jean testified that she was trying to keep them from going into the bedroom. At least one chair was thrown and the telephone ripped off the wall. Defendant then went outside to let the air out of the doctor's tires but when he saw the doctor trying to climb out the bedroom window, he rushed back to the apartment. There was more fighting in which the men participated, but apparently Betty Jean soon gave it up as a losing cause. There are two versions of what happened next. Betty Jean testified that she saw defendant kick at the bedroom door and then "sheve" it open. Defendant said that his wife had been talking to the doctor through the door, that the door "cracked a bit, just a little," and that "we pressed our way on in." Once in the room, defendant testified he tried to hold the doctor—to make him stay there until the police came—and during the struggle the gun in his hand accidently fired.

Defendant contends the court erred in refusing his request to charge on involuntary manslaughter in the commission of a lawful act in an unlawful manner, when the evidence clearly warranted such a conclusion.

This court has said that where voluntary manslaughter and accident are charged, failure to charge involuntary manslaughter is actually favorable to the accused since it would require acquittal unless the jury were convinced beyond a rea-

sonable doubt as to voluntary manslaughter. *Carmichael v. State*, 115 Ga. App. 591 (155 SE2d 439). Defendant contends this theory is unrealistic and unfair since it is common knowledge that in many cases a jury would not set a defendant free under any circumstances, but would inflict upon him the lowest possible penalty under the law, and that to remove the lowest grade of manslaughter from their consideration tends to distort their deliberations. This argument is irrelevant because here the jury did not in fact choose the lowest grade upon which they were charged. In finding defendant guilty of voluntary manslaughter and setting sentence at 12 years, they passed over involuntary manslaughter in the commission of an unlawful act which carries a maximum penalty of 5 years. There is no reason to believe that, given a choice, they would have found defendant guilty of a mere misdemeanor in order to avoid acquitting him.

There is, however, another reason why the trial court did not err in refusing defendant's requested charge. The evidence does not support defendant's contention that he was committing a lawful act when he struggled with the doctor. By his own testimony defendant showed that he forced his way into the bedroom against the wishes of the apartment's tenant and by physically overpowering her resistance, a trespass at the very least. He then engaged in an assault and battery on the doctor (an invitee of the tenant) in the course of which the gun was fired. His claim that he was holding the man for the police is specious.

The trial court did not err in refusing defendant's request to charge.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED OCTOBER 8, 1969—DECIDED OCTOBER 20, 1969.

*Adams, O'Neal, Steele, Thornton, Hemingway & McKenney, Manley F. Brown, H. T. O'Neal, Jr.,* for appellant.

*Jack J. Gautier, District Attorney, Whitney T. Evans, Jr.,* for appellee.