45457.   TEAL v. THE STATE.

JORDAN, Presiding Judge. The accused, tried for murder, appeals from a judgment of conviction and sentence for voluntary manslaughter. The alleged offense occurred on or about August 23, 1969. *Held:*

1. Photographs of the body of the deceased illustrating the nature and extent of injuries as described by testimony and having probative value in respect to the cause of death as attributable to blows from a blunt instrument were properly admitted in evidence. The actual ruling in *Edwards v. State,* 213 Ga. 552, 554 (100 SE2d 172), cited by the accused, is that once photographs are properly admitted in evidence, the jury is entitled to custody of the photographs during deliberations. The opinion merely recognizes, by way of obiter which we also consider to be sound law, that to insure a fair trial the judge should exclude gruesome photographs which cloud a case with passion and serve no real purpose in proving the material elements of the offense. It is well settled that photographs which do have probative value in establishing the cause of death, although gruesome and only corroborative or cumulative of other evidence, are entitled to admission. *Bryan v. State,* 206 Ga. 73, 74 (55 SE2d 574); *Johnson v. State,* 226 Ga. 511 (175 SE2d 840).

2. The instructions on felony murder (Ga. L. 1968, pp. 1249, 1276; *Code Ann.* § 26-1101 (b)), uncoupled with any definition of the elements of an applicable felony, as disclosed by the evidence,

provided no guidelines to the jury to determine whether the elements of the offense of felony murder were present, even though the evidence may have authorized the jury to consider felony murder by reason of the death of another in the commission of aggravated assault with a deadly weapon (Ga. L. 1968, pp. 1249, 1280; *Code Ann.* § 26-1302) or aggravated battery (Ga. L. 1968, pp. 1249, 1281; *Code Ann.* § 26-1305) under appropriate instructions.

But the fact that the instructions were incomplete falls far short of supporting the contention of the accused that the trial judge injected a wholly irrelevant issue into the case which was misleading and confusing, and therefore reversible error. To constitute reversible error, the error must be one which contributed to the verdict adversely to the complaining party. See *Dukes v. State,* 109 Ga. App. 825 (1) (137 SE2d 532). The verdict here having the legal effect of an acquittal for murder (see Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300), any error in respect to instructions on felony murder was harmless.

3. The Supreme Court of this State has approved the instructions on reasonable doubt as here given, including the statement, "neither does it mean a possibility that the defendant may be innocent." *Connell v. State,* 153 Ga. 151 (2) (111 SE 545).

4. In our opinion the evidence excludes the necessity of instructions on involuntary manslaughter as a lesser offense of murder, even though requested. The photographs indicate that the victim received some 15 or more heavy blows, which could have come from a blunt instrument such as the leg of a bar stool, as indicated by the testimony. It is thus clear from this evidence and expert testimony of the cause of death that the victim probably died as the result of a brutal beating under circumstances which would constitute murder, unless the perpetrator was acting solely with provocation as the result of a sudden, violent, and irresistible passion, so as to consititute voluntary manslaughter, or unless he was acting justifiably in self-defense or defense of habitation, as claimed, so as to warrant acquittal of any offense.

To warrant instructions on involuntary manslaughter (Ga. L. 1968, pp. 1249, 1276; *Code Ann.* § 26-1103) there must be evi-

dence to authorize a determination that death occurred unintentionally from the commission of an unlawful act other than a felony, or from the commission of a lawful act in an unlawful manner likely to produce death or great bodily harm. Whether the conduct of the accused was lawful at the outset, e. g., in self-defense or defense of habitation, or unlawful, what took place thereafter discloses felonious conduct in committing either an aggravated assault with an instrument likely to produce death (*Code Ann.* § 26-1302) or an aggravated battery (*Code Ann.* § 26-1305), which, having caused the death of another, is not within the scope of involuntary manslaughter.

Whether to instruct on a particular lesser included offense is dependent upon the circumstances as disclosed by the evidence, and we do not regard the cases cited by the accused (*Greenway v. State,* 59 Ga. App. 461 (1 SE2d 217) and *Anderson v. State,* 130 Ga. 364 (60 SE 863)), as requiring instructions on involuntary manslaughter under the evidence adduced in the present case. In *Greenway* there is no evidence to show that the accused struck the victim more than one blow with a rock, the evidence is silent as to the size, weight, and character of the rock used, and the circumstances create doubt as to intent. Similarly, in *Anderson,* the accused picked up a root of a tree, size and weight not definitely set forth, and struck the victim, the accused claiming that he acted, with no intention to kill, after the deceased, an elderly man, poked him in the back with a stick he was using for walking. Neither case discloses that repeated blows were inflicted on the deceased indicative of a brutal beating as shown by the photographs and testimony in the present case.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
ARGUED JULY 7, 1970—DECIDED SEPTEMBER 8, 1970—
REHEARING DENIED SEPTEMBER 29, 1970—

*Troutman, Sams, Schroder & Lockerman, Milton A. Carlton, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Tony H. Hight,* for appellee.