## 46461.   ADDISON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from her conviction for voluntary manslaughter and from the denial of her motion for a new trial.

Defendant was indicted for the murder of her husband with a butcher knife late on a Christmas night. It appears that they had been entertaining most of the day, with a typical holiday dinner, quite a bit of drinking, and friends coming and going. One couple, the Floyds, were staying the night. The various accounts of the evening tend to indicate that defendant was sober and her husband well on the way to being drunk. They and the Floyds prepared to retire about 11:30. Defendant testified (under oath) that her husband began to quarrel with her in the bedroom and slapped her a couple of times. To avoid further contention, she went back to the kitchen, where food was still set out, and began preparing sandwiches for some people who had said they might drop by later. She was slicing chicken when her husband came to the kitchen and resumed the argument. When he would not desist, she then went to the telephone to call the police. She said that as she was reaching for the telephone, she was hit violently on the back of the head and has no memory from that moment until she saw her husband with a bloody towel clutched to his middle. She then shouted for Mr. Floyd who awakened, took in the scene, ran back to rouse his wife to call an ambulance, and tried to render assistance to both the wounded man and defendant (who, he testified, appeared to be in a state of shock).

The evidence also showed that the deceased had a history of violence to his wife over the past 24 or so years, at one time hospitalizing her for an extended period; that she had, when taken to jail that night, a very severe lump and laceration on the back of her head which, according to the testimony of a police officer, was probably caused by something harder than a fist; that there were no eyewitnesses to what occurred; and that the deceased had many other cuts and wounds around the face and arm as well as the fatal chest wound.

1. On the general grounds, the evidence was sufficient to support a verdict of voluntary manslaughter.

2. Defendant contends the trial court erred in failing to charge the jury on involuntary manslaughter, thereby precluding its consideration of the lesser crime. She cites many cases for the proposition that where there is the slightest evidence, a court must charge on all grades of homicide. Unfortunately, we do not see even slight evidence which would support a charge on either form of involuntary manslaughter as defined in *Code Ann.* § 26-1103. The number of wounds inflicted leaves no doubt on the question of intent or voluntariness. See *Teal v. State,* 122 Ga. App. 532 (177 SE2d 840); *Carmichael v. State,* 115 Ga. App. 591 (155 SE2d 439). The evidence paints a picture of either a woman provoked to such an extreme that she acted under a violent and irresistible passion, or a woman acting justifiably in self-defense. The jury had the benefit of full charges on both theories and made its choice.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED SEPTEMBER 16, 1971—DECIDED SEPTEMBER 28, 1971.

*J. Walter Cowart,* for appellant.

*Andrew J. Ryan, Jr.,* District Attorney, *Edward M. Buttimer, Stanley H. Friedman,* for appellee.