## 47801. STEWART v. THE STATE.

CLARK, Judge. The only error raised by this appeal is the sufficiency of the evidence to support a verdict of guilty which resulted in appellant receiving the maximum sentence of ten years for violation of the Uniform

Narcotic Drug Act. An undercover police agent testified he went with an informant to a certain location to buy drugs. The informant went upstairs and returned with appellant who got into the agent's vehicle. The officer testified as to the details of his purchase from defendant of a product later identified by the State Crime Laboratory toxicologist as heroin and positively identified defendant as the seller. Some corroboration came from a real estate agent that defendant was the sole lessee of an apartment which was the locale of the sale. The sworn testimony of defendant admitted he was a drug addict but he denied the sale, denied ever meeting the agent, and stated that another person living in the apartment had been confused with him because they were look-alikes.

"It is elementary that in order to sustain a verdict of guilty as to the general grounds the evidence must show the guilt of a defendant beyond a reasonable doubt. If the verdict is decidedly against the preponderance of the evidence, then reversal is indicated." *Fox v. State,* 98 Ga. App. 127 (105 SE2d 368). However, "in passing upon the general grounds of a motion for new trial, this court will not disturb the trial court's refusal to grant a new trial if there is any evidence to support the judgment. [Cits.]" *Hopkins v. Sicro,* 107 Ga. App. 691, 693 (131 SE2d 243). "It must be remembered that the jury are the sole judges of the credibility of the witnesses, and clothed with this authority, they were authorized to believe those witnesses whom they thought most entitled to be believed." *White v. State,* 74 Ga. App. 634, 636 (40 SE2d 782). In accord, *Mitchem v. State,* 53 Ga. App. 280 (185 SE 367). "As to the general grounds, the evidence in behalf of the State, if credited by the jury, demanded a verdict of guilty, and the credit to be attached to the testimony of the witness for the State was for the jury, even though he was interested in the result of the

prosecution." *Mason v. State,* 17 Ga. App. 377 (86 SE 1072). "After verdict, in passing upon the motion for a new trial, that view of the evidence which is most unfavorable to the . . . (movant) must be taken, for every presumption and every inference is in favor of the verdict. [Cits.]" *Beecher v. Farley,* 104 Ga. App. 785, 786 (123 SE2d 184). In the instant case, "the conflicts in the evidence were questions for the trior of fact and not one of law for this court." *Hopkins v. Sicro,* supra. The motion for a new trial having been properly overruled, we hold the judgment affirmed.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED JANUARY 29, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Darryl Cohen,* for appellee.