## 48295. CORNOG v. THE STATE.

CLARK, Judge. After a conviction for voluntary manslaughter under a murder indictment, defendant brought this appeal from the overruling of his new trial motion as amended. In addition to the general grounds there is a special ground averring the trial judge erred in failing to charge on involuntary manslaughter. The victim was defendant's wife from whom he was separated. Thereafter friendly and intimate relations existed. This relationship included visitations to the wife's apartment. The killing occurred during such a visit. The state's witnesses presented evidence directly in conflict with the version presented by defendant, whose defense was that the shooting occurred when the victim's gun went off accidentally during a scuffle between them for possession. *Held:*

1. "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; . . ." Code Ann. § 26-1102.

"It is elementary that in order to sustain a verdict of guilty as to the general grounds the evidence must show the guilt of a defendant beyond a reasonable doubt. If the verdict is decidedly against the preponderance of evidence, then reversal is indicated." *Fox v. State,* 98 Ga. App. 127 (1) (105 SE2d 368). However, "in passing upon the general grounds of a motion for new trial, this court will not disturb the trial court's refusal to grant a new trial if there is any evidence to support the judgment. [Cits.]." *Hopkins v. Sicro,* 107 Ga. App. 691, 693 (131 SE2d 243).

Here defendant contends the shooting was accidental, that in attempting to get the gun away from the victim, it discharged during their scuffle. The testimony of the state's witnesses indicated the aggression was on defendant's part. The state's principal witness testified that she did not see a gun in either's possession but that defendant had an object in his hand when she first saw him. Other witnesses testified that there was an argument, a struggle and shots.

Defendant states that they struggled, thus the law pertaining to mutual combat is applicable. As we said in *Hewitt v. State,* 127 Ga. App. 180, 186 (193 SE2d 47) in quoting from *Shafer v. State,*

191 Ga. 722 (3) (13 SE2d 798): "Where the participants engaged with a mutual intention to fight, the offense may be voluntary manslaughter as related to mutual combat. If the evidence . . . authorizes an inference that the killing occurred in the circumstances last mentioned, it is the duty of the judge, even without request, to give in charge the law of voluntary manslaughter as related to mutual combat."

"Where two parties fall to fighting, and during the encounter one of them is shot and killed, it is for the jury to say, under all the circumstances, whether or not the homicide was voluntary manslaughter." *Price v. State,* 23 Ga. App. 775 (99 SE 472).

"It must be remembered that the jury are the sole judges of the credibility of the witnesses, and clothed with this authority, they were authorized to believe those witnesses whom they thought most entitled to be believed." *White v. State,* 74 Ga. App. 634, 636 (40 SE2d 782). The jury here chose to accept the evidence presented by the state's witnesses. The general grounds were properly overruled. See *Lee v. State,* 18 Ga. App. 717 (90 SE 371).

2. Defendant contends his entry into the victim's apartment constituted an act of trespass. If this were so it would have been an unlawful act necessitating a charge on involuntary manslaughter as requested orally by his trial counsel. Defendant's testimony, however, contradicts this contention in that it showed his admission to have been lawful and the state's principal witness testified the victim had invited him to "come in."

Appellant's counsel contends the evidence here is such that it comes within the category of such cases as *Freeman v. State,* 158 Ga. 369 (123 SE 126) which hold that where the evidence however slight, is sufficient to raise a doubt it is incumbent upon the court to charge on all grades of homicide. We can not accept this view as the transcript shows the trial judge properly regarded this case to have been one where defendant was either not guilty at all or subject to conviction for either murder or voluntary manslaughter. See *Tate v. State,* 123 Ga. App. 18 (179 SE2d 307); *Teal v. State,* 122 Ga. App. 532, 533 (177 SE2d 840); and *Addison v. State,* 124 Ga. App. 467, 468 (184 SE2d 186).

*Carmichael v. State,* 115 Ga. App. 591, 595 (155 SE2d 439) holds that even "if we concede in this case, in arguendo, that the evidence did indicate or could support a finding of involuntary manslaughter in one form or another, the failure to submit these issues to the jury was actually favorable to the accused, for unless

the jury was convinced beyond a reasonable doubt that the essentials of either murder or voluntary manslaughter were present, it had no alternative but to acquit the accused, either on the theory of an accidental shooting or for other reasons, and under these circumstances the accused has no just ground for complaint."

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Quillian and Stolz, JJ., concur. Deen and Evans, JJ., dissent.*
SUBMITTED JULY 9, 1973 — DECIDED OCTOBER 22, 1973.

*Robert L. Ridley,* for appellant.
*Lewis R. Slaton,* District Attorney, *Carter Goode, Morris H. Rosenberg, David D. Rawlins,* for appellee.

EVANS, Judge, dissenting. Defendant complains because the trial judge failed to charge the jury on involuntary manslaughter. If the evidence authorized same, the court was required to charge thereon whether a request to charge was submitted or not. *Hobbs v. State,* 206 Ga. 94 (2) (55 SE2d 610). The judge did not charge on involuntary manslaughter in his original charge. The jury deliberated for a while, and then returned to the courtroom and requested the trial judge to charge them as to the definition of involuntary manslaughter (Tr. 325). He refused to do so. Involuntary manslaughter is defined as follows: Code Ann. § 26-1103 (a) (Ga. L. 1968, pp. 1249, 1276) — "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony."

Was there evidence from which the jury could have found defendant was guilty of involuntary manslaughter? There was testimony the former husband of deceased committed *criminal trespass,* in that he kicked in the door to her apartment and entered without her permission. Although there was some evidence that he was invited into the apartment, there was also evidence that he was not invited. There was testimony showing that during this time while he was a trespasser, the former husband wrestled with his former wife over the gun, and that while so wrestling, and without any intention on his part, the gun was discharged and killed his former wife. Thus, the testimony was sufficient to show that during the commission of an unlawful act (trespass), which was less than a felony, the former wife was killed without intention

to do so. This clearly fits the definition of involuntary manslaughter, and the trial judge was required to charge thereon. His failure to do so was error, and this case should be reversed.

I am authorized to state that Judge Deen joins in this dissent.