## 28668. JOHNSTON v. THE STATE.

JORDAN, Justice.

Lewis Johnston was indicted and convicted for the

murder of his wife and sentenced to life imprisonment.

It appears from the evidence adduced at the trial of the case that on October 14, 1972, the appellant and his wife accompanied a long-time friend, E. F. Martin, to the local fair and then afterwards to the V. F. W. Club. After spending a considerable amount of time at the V. F. W. Club, Martin volunteered to drive the appellant and his wife home. Martin testified at the trial that while the three were on their way home the appellant struck his wife several times. Martin further testified that when the appellant failed to cease the beating of his wife, he threatened to stop at the police station and that after his threat, the appellant fled from the vehicle into the night. Mrs. Johnston informed Martin that she had no desire to return home. Martin then drove her to the Country Court Motel and registered under a false name. What transpired at the motel is in conflict, but appellant testified in an unsworn statement that he found his wife "buck naked" and that she admitted having intercourse with Martin. After finding his wife the appellant left the motel and took her home. Another witness for the state testified that on the morning appellant retrieved his mate from the Country Court Motel, he witnessed the appellant beating her with sticks and saw him "stomp her a time or two" and then pick her up and carry her into the couple's house trailer. Later on that day, the appellant stopped by the sheriff's office and informed him that he had whipped his wife a little and was going to take her to the hospital. After learning of the extent of the beating the sheriff held appellant in custody and upon his wife's death charged him with murder.

Wanda Johnston died on October 23, 1972, some 9 days after the beating. Three medical doctors testified as to the cause of her death. The two doctors that participated in the autopsy performed on the deceased testified that her death was caused by pneumonia induced from the lengthy comatose state that resulted from the beating. The third doctor, who treated the deceased while hospitalized, testified that her death was caused by renal failure induced by the beating. All three doctors stated that death could have been caused by the injuries alone.

As part of the general issue raised by appellant in his plea of not guilty, he contended that at the time of the beating he was legally insane and not responsible for his acts. The appellant was sent to the Central State Hospital for examination and evaluation. The examining doctor stated during the trial that in his opinion at the time of the alleged criminal act the appellant "was not suffering from a psychosis and . . . that he knew right from wrong." Another doctor stated that after a two-hour examination it was his opinion that appellant was suffering from a "passive-aggressive personality" but that he could not form a firm opinion as to whether or not the appellant could distinguish between right and wrong. *Held:*

1. Appellant first contends that the trial court erred in admitting into evidence sticks and a portion of a small bat, in that they were not properly identified and there was nothing in the transcript which related to them. To the contrary, there is testimony by an eyewitness to the beating that it was done at least in part with sticks. The sticks and the bat were found by the Lamar County Sheriff outside of appellant's house trailer. They were examined by the State Crime Lab and blood and hair were found to be present on the items. The trial judge did not err in admitting them into evidence.

The appellant contends that it was error to admit photographs of the deceased at the time the autopsy was performed because it was not shown that they were accurate representations of the object photographed, and further that there had been a substantial change in his wife's appearance between the time of the alleged injury and the time when the photographs were made. He further complains that no foundation was laid by the state to show that the photographs were a correct likeness of the deceased at the time the injuries were inflicted. It appears in the record that three witnesses, including the photographer, testified that the pictures were taken in their presence and were true and accurate representations of the victim's body at the time of the October 23, 1972 autopsy.

The quantum of evidence required to sufficiently identify photographs as true and accurate rep-

resentations of what they purport to depict is a matter to be left within the discretion of the trial court. *Chance v. State,* 156 Ga. 428 (5) (119 SE 303); *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120). We conclude that there was no abuse of discretion in admitting the photographs.

2. One of appellant's main contentions is that there was no causal relationship between the injuries inflicted on the deceased and her death. In furtherance of this contention appellant submitted several requests to charge on this subject which were not given by the trial court. Appellant claims this as error, relying on *Styles v. State,* 118 Ga. App. 445 (164 SE2d 156). The trial court in this case charged the jury as follows: "I charge you that if one inflicts upon another a wound, itself not fatal, thereafter such other be attacked by a disease or disorder not resulting from such wound from which disease or disorder death results, the person so inflicting such wound is not responsible for the death. In other words, to hold the person criminally responsible for a homicide, his act must have been the proximate cause of death as distinguished from a cause or a condition causing death, not connected with the alleged injury to the deceased."

Taking into consideration the medical testimony in this case the trial court's charge was adequately adjusted to the evidence and the failure to charge as requested was not error. See *Wilson v. State,* 190 Ga. 824, 829 (2) (10 SE2d 861).

3. Appellant also complains that the trial court should have charged the jury on the law of involuntary manslaughter and simple battery. Code Ann. § 26-1103 (a) dealing with involuntary manslaughter states in part that "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." It has long been held in this state that if the evidence would authorize the jury to find the defendant guilty of involuntary manslaughter it is error for the trial judge to fail to charge on it. *Jackson v. State,* 181 Ga. 753 (2) (184 SE 279); *Teasley v. State,* 228 Ga. 107 (4) (184 SE2d 179). The decision as to whether to charge the jury on a lesser included offense is determined by the evidence.

*Teal v. State,* 122 Ga. App. 532 (177 SE2d 840). In the case before us the nature and extent of the beating precluded a charge on involuntary manslaughter or simple battery, in that the required mens rea was clearly present, and as was stated in *Addison v. State,* 124 Ga. App. 467 (2) (184 SE2d 186) "the number of wounds inflicted leaves no doubt on the question of intent or voluntariness." See also *Carmichael v. State,* 115 Ga. App. 591 (155 SE2d 439) and *Teal v. State,* supra.

4. The second main issue raised by the appellant in the trial court was his legal insanity at the time of the offense. In connection with this defense the appellant requested that the trial judge charge the jury as follows: "I further charge you gentlemen of the jury that if you find from the act itself that Lewis Johnston did strike and beat Wanda Mae Johnston and you find that the same is so utterly senseless and abnormal as to furnish satisfactory proof of a diseased mind then you would be authorized to find Lewis Johnston not guilty of the charge of murder by reason of insanity." Appellant relies on the case of *Brown v. State,* 228 Ga. 215, 219 (184 SE2d 655) for this contention and now complains that a failure to so charge constituted error. We do not agree. In *Brown v. State,* supra, the defendant after stalking the victim for two or three hours shot her in front of 50 or 75 persons in a store where the victim worked. The defendant made no attempt to conceal the crime or to escape but instead waited quietly to be arrested. The facts in this case are distinguishable from *Brown,* supra, and it was not error for the trial court to refuse to give the requested charge.

5. The appellant also complains that the trial court erred in not charging Code Ann. § 27-1503 involving acquittal because of insanity. The substance of Code Ann. § 27-1503 was sufficiently charged and where this is done it is not necessary to charge the statute in haec verba. *Allen v. State,* 230 Ga. 772 (4) (199 SE2d 246); *Witt v. State,* 128 Ga. App. 645 (3) (197 SE2d 401).

*Judgment affirmed. All the Justices concur.*

Argued March 11, 1974 — Decided May 21, 1974.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.