## 51040. CHERRY v. THE STATE.

STOLZ, Judge.

In his appeal from his conviction, by the trial judge without a jury, of aggravated assault and robbery, the defendant challenges the sufficiency of the evidence to support the robbery conviction, and the admission in evidence, over objection, of certain hearsay testimony.

1. " 'It is elementary that in order to sustain a verdict of guilty as to the general grounds the evidence must show the guilt of a defendant beyond a reasonable doubt. If the verdict is decidedly against the preponderance of the evidence, then reversal is indicated.' *Fox v. State,* 98 Ga. App. 127 (105 SE2d 368). However, 'in passing upon the general grounds of a motion for new trial, this court will not disturb the trial court's refusal to grant a new trial if there is any evidence to support the judgment. [Cits.]' *Hopkins v. Sicro,* 107 Ga. App. 691, 693 (131 SE2d 243)... 'After verdict, in passing upon the motion for a new trial, that view of the evidence which is most unfavorable to the . . . (movant) must be taken, for every presumption and every inference is in favor of the verdict. [Cits.]' *Beecher v. Farley,* 104 Ga. App. 785, 786 (123 SE2d 184)." *Stewart v. State,* 128 Ga. App. 11, 12 (195 SE2d 251). " 'Where the

trial judge, sitting as the trior of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cits.]' *West v. West,* 228 Ga. 397 (1) (185 SE2d 763)." *Thompson v. Maslia,* 127 Ga. App. 758 (4) (195 SE2d 238); *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917).

Although the theory presented by the testimony of the defendant and partially corroborated — that he took from the prosecutor's liquor store merely his winnings (consisting of a bottle of liquor and cash from the cash register) from a just-completed crap game with the prosecutor — if believed by the trial judge as the trior of the facts, might have authorized an acquittal, we will not disturb the conviction, which was based upon conflicting evidence that the assailant, identified as the defendant, entered the store, bought some wine, struck the victim on the head with the full bottle and threatened his life, robbed him of cash from the cash register and a bottle of liquor, then explained his possession of the bottle of liquor and the blood-stained cash upon his arrest after the robbery by stating, "I was trying to get money for my children."

2. The admission in evidence, over objection, of the hearsay testimony, if error, was not reversible error, since the trial judge, trying the case without a jury, is presumed to have not considered incompetent evidence and selected the legal testimony, and since there was legal evidence to support his judgment. *Lester Colodny Const. Co. v. Allen,* supra, p. 546, and cits.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 9, 1975 — DECIDED SEPTEMBER 24, 1975.

*A. Glen Steedley, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Wallace Speed, Assistant District Attorneys,* for appellee.