## 51965. HARRIS v. THE STATE.

STOLZ, Judge.

This is an appeal by defendant Harris from his conviction of aggravated assault. A motion for new trial based on general grounds was denied. The issues on

appeal are the failure of the trial judge to charge the jury on self-defense and also the general grounds.

1. As to the general grounds, the evidence introduced by the state at trial was as follows: On the morning of February 24, 1975, as the victim was preparing to open his service station, he was approached by two men who requested gasoline. After supplying the gas, the victim returned to his office; thereafter he stepped into the bay grease rack area and saw the appellant, in his supply room, holding a gun. The appellant fired, striking the victim's left hand. The appellant's companion subsequently shot the victim in his right arm.

A customer, waiting to have his car serviced saw the three men in the grease area, heard the shots, and witnessed two men leaving the station, guns in hand. This witness identified defendant Harris as one of these two men.

The defendant presented six alibi witnesses, although none could testify as to his whereabouts on the morning in question. Two other witnesses testified as to his good character and one as to the possible mis-identification of the defendant.

In light of the above testimony, the state presented a prima facie case which, if believed by the jury, would authorize a guilty verdict. The verdict rendered is presumptively valid and there is ample evidence to support it. See *Cherry v. State,* 135 Ga. App. 819 (219 SE2d 41); *Parrott v. State,* 134 Ga. App. 160 (214 SE2d 3).

2. During direct examination, the victim station-owner testified that when he saw the defendant run toward his supply room, he grabbed his gun and followed the defendant. The owner entered the room and, pointing his pistol six to seven inches from the defendant's throat, ordered Mr. Harris to drop his gun. Harris then fired at him.

Standing alone, this testimony does not raise the issue of self-defense. Although initially the defendant entered upon the victim's premises as an invitee, the defendant was not invited into nor authorized to enter the rear supply area of the station. The defendant could not claim that, by being ordered at gunpoint out of an area not open to the public, he reasonably believed that use of

deadly force was necessary to prevent the station owner from killing him or causing him great bodily harm. See Code Ann. § 26-902. Hence, the trial judge's failure to charge the jury on self-defense was not error, particularly in view of the defendant's alibi defense, which precludes his presence at the scene of the offense.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED APRIL 23, 1976.

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.