## 52911. CARTER v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for murder and convicted of voluntary manslaughter. He was sentenced to serve nine years. Motion for new trial was filed, amended and denied. Defendant appeals. *Held:*

1. Defendant questions the sufficiency of the evidence to convict him of the crime of manslaughter. The evidence shows a shoot-out occurred in a barroom preceded by a disagreement over the conduct of a card game and words being exchanged between defendant, defendant's brother, the victim and others. Though the defendant contends he was merely defending himself and his brother, there was sufficient evidence for the jury to return a verdict of manslaughter. It was for the jury to consider the credibility of the witnesses. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Young v. State,* 232 Ga. 176, 178 (205 SE2d 307); *Harper v. State,* 135 Ga. App. 604, 605 (218 SE2d 312).

2. Defendant next contends that the charge on justification or self-defense was made in such a manner that the jury failed to understand that it was applicable to both the offense of murder and manslaughter. Immediately after charging as to justification the judge charged that the jury should give consideration to the question of whether or not the defendant is guilty of the lesser grade of homicide known as voluntary manslaughter and therein defined same to be, "if he acts solely as a result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." It was clear that if justification was found the defendant was to be found not guilty of charges contained in the indictment. This instruction covered every lesser offense contained in the indictment for murder. There is no merit in this complaint.

3. There was evidence that the defendant's brother and the victim had been quarreling rather heatedly, that both the victim and the defendant left the bar and returned almost immediately (ostensibly to arm themselves) and that a gun battle then ensued. The victim

was shot not once, but several times (eight entry wounds, including one secondary, and one uncertain as to whether it was secondary), although the defendant contends he did not shoot but six times. The evidence was amply sufficient to authorize a charge on voluntary manslaughter. *State v. Stonaker,* 236 Ga. 1, 2 (4) (222 SE2d 354); *Nolen v. State,* 124 Ga. App. 593, 594-597 (184 SE2d 674); *Cornog v. State,* 130 Ga. App. 46 (1) (202 SE2d 257); *Powell v. State,* 130 Ga. App. 588, 590 (4) (203 SE2d 893).

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 13, 1976 — Decided November 1, 1976.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.