## 31806, 31851, 31852. PHILLIPS v. THE STATE (three cases).

JORDAN, Justice.

Thomas Edward Phillips was convicted for murder. The state waived the death penalty, he was sentenced to life imprisonment and he appeals.

*Case No. 31851*

In this case, Phillips appeals pro se from the trial

court's denial of his "Motion to Discharge Counsel," in which he apparently sought the substitution of new appointed counsel to prosecute his appeal because appointed counsel was disinterested and ineffective. There is no transcript of the hearing on this motion. However, from a close review of the trial transcript it is clear that Phillips' appointed counsel conducted an able and enthusiastic defense. This appeal is without merit and the judgment in Case No. 31851 is therefore affirmed.

### Case No. 31852

In this case Phillips appeals pro se from the denial of his motion for new trial. In Case No. 31806 he appeals through his appointed counsel. Thus we have two appeals from the same judgment. The enumerations of error filed in each case are substantially the same. The only difference is that the brief filed by counsel supports the enumerations with clear and forceful argument while that of Phillips is vague and confusing. So long as Phillips is represented by counsel on appeal, he does not have the right to independently conduct his own defense and have both considered by this court. *Reid v. State,* 235 Ga. 378 (219 SE2d 740) (1975). Accordingly, Case No. 31852 filed by Phillips himself is dismissed.

### Case No. 31806

We now turn to a consideration of the merits of the appeal filed by Phillips through his appointed counsel.

The record reveals that the evidence fully supported the verdict and the first enumeration of error is without merit.

The fourth enumeration of error complains that the evidence produced during a Jackson-Denno hearing established that Phillips was not informed of his right to have an attorney prior to questioning. It is uncontradicted that Phillips signed a written waiver of rights which read in part: "If you cannot afford a lawyer, one will be appointed for you before questioning if you wish." Phillips admitted that the waiver was read to him and that he understood it when he signed. The only conflict in the testimony related to when the waiver was signed. Two police officers testified that the waiver was explained to Phillips prior to questioning; Phillips testified that the questioning took place before the signing. The finding by

the trial court is not "clearly erroneous" and will not be disturbed. *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974).

Enumeration of error number two complains of the trial court's denial of Phillips' written requests to charge on voluntary and involuntary manslaughter. The evidence showed that the victim Merritt sustained fractures of the nasal bone, the jaw bone, the spine, the larynx, and the ribs. The broken ribs punctured the victim's lungs. The victim also sustained a blood clot on the brain which resulted from a blow to the head. Eyewitness testimony established that these injuries were the result of a vicious stomping and kicking of the victim by Phillips. As in *Johnston v. State,* 232 Ga. 268 (3) (206 SE2d 468) (1974), and *Addison v. State,* 124 Ga. App. 467 (2) (184 SE2d 186) (1971), "the nature and extent of the beating precluded a charge on involuntary manslaughter. . ." *Johnston v. State,* supra.

Where there is "any evidence, however, slight as to whether the offense is murder or voluntary manslaughter" (see *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106) (1971)), the defendant is entitled, upon written request (see *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976)), to have a charge on voluntary manslaughter as well as murder.

Phillips testified that on the morning of Merritt's death, he (Phillips) awoke and discovered that he was missing a large sum of money. He went into the room where Merritt was sleeping and tried to wake him up to ask him if he had taken the money. Phillips testified that upon being disturbed, Merritt began to withdraw a closed pocketknife from his pocket. Phillips then shook Merritt, causing the knife to fall, still unopened, back into Merritt's pocket, whereupon Phillips proceeded to knock him down with his fist and kick him in the face. It was uncontradicted that a closed pocketknife was found on Merritt's body. This record contains slight evidence of self-defense. It contains *no* evidence of provocation. The court gave the requested charge on self-defense, and properly denied the requested charge on voluntary manslaughter. See *Gillespie v. State,* 236 Ga. 845 (225 SE2d 296) (1976). This enumeration of error is without

merit.

Phillips next contends that the trial judge should have ordered a mistrial sua sponte when it appeared that the knife found on the victim's body, and subpoenaed by the defendant, was not produced at trial. The state's evidence admitted that a knife was found on Merritt's body. The production of the knife would have been merely cumulative evidence of a fact not in controversy. This contention is without merit.

After the state had concluded its case and rested, Phillips sought to recall a state's witness, for further cross examination allegedly to attempt to show the propensity of the deceased for violence and his reputation for using a knife. The trial court held that Phillips could call the witness and examine him on any relevant topic, but that if the witness were called, he would be a defense witness and Phillips would lose the right, granted by Code Ann. § 27-2201, to open and conclude the argument to the jury. Phillips claims he was denied his right of cross examination of the witnesses against him due to the ruling of the trial court recounted above. This is without merit. The witness was cross examined at length by the defendant during the state's presentation of its case. Furthermore, the trial court made it clear that the witness could be called and examined as a witness for the defense. We find that no impermissible burden was placed on Phillips' right to confront and cross examine the witnesses against him. This enumeration of error is without merit.

*Judgment in case no. 31851 affirmed. Appeal in case no. 31852 dismissed. Judgment in case no. 31806 affirmed. All the Justices concur.*

SUBMITTED DECEMBER 27, 1976 — DECIDED MARCH 8, 1977.

*E. Kontz Bennett, Jr.,* for appellant (case nos. 31806 and 31851).

Thomas Edward Phillips, *pro se* (case no. 31851).

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.