## 55725. MAY v. THE STATE.

Birdsong, Judge.

May was indicted for murder. Prior to trial, he filed a special plea of insanity together with a petition for psychiatric examination, which was provided at state's expense. The psychiatric analysis determined that May's "behavior at the time of the alleged [sic] offense was not the product or result of a mental disease" and concluded that May was "competent to stand trial." From the conviction by a jury, of voluntary manslaughter, May appeals, enumerating three errors. *Held:*

1. May's contention that the trial court erred in failing to provide additional psychiatric analysis is without merit. "At the outset we note that a hearing upon a special plea of insanity is a proceeding of a civil nature, in which the burden rests on defendant to produce evidence of his insanity. [Cit.]" *Corn v. State,* 240 Ga. 130, 139 (240 SE2d 694). Thus, the refusal of the trial court "to provide for examination by and assistance to the accused by a 'competent' psychiatrist selected by the accused, discloses no violation of due process or error for any other reason." *Taylor v. State,* 229 Ga. 536 (1) (192 SE2d 249). See *Corn v. State,* supra, at p. 138. Additionally, by affidavit of May's counsel, it is shown that defense counsel merely made an oral request to the trial court for additional psychiatric analysis, without filing a written motion for same, and no objection to the trial court's refusal to provide additional psychiatric analysis appears in the record or transcript. As a result, this court is left with nothing to consider. *Cauley v. State,* 137 Ga. App. 814 (224 SE2d 794).

2. "The decision as to whether to charge the jury on a lesser included offense is determined by the evidence.

[Cits.]" *Johnston v. State,* 232 Ga. 268 (3) (206 SE2d 468). The evidence showed that the victim was beaten and then strangled with a ligature. The nature and extent of these injuries established the intent, or voluntariness, requisite to voluntary manslaughter. *Addison v. State,* 124 Ga. App. 467 (2) (184 SE2d 186). See *Teal v. State,* 122 Ga. App. 532 (177 SE2d 840); *Carmichael v. State,* 115 Ga. App. 591 (155 SE2d 439). A charge on involuntary manslaughter was therefore precluded. *Phillips v. State,* 238 Ga. 497 (233 SE2d 758); *Johnston v. State,* supra.

3. May enumerates as error the refusal of the trial court to charge the jury as follows: "[W]here the evidence and all reasonable deductions therefrom present two theories, one consistent with guilt and the other equally consistent with innocence, then the state has not carried its burden and it would be your duty to return a verdict of not guilty."

First, "[i]t is no longer necessary to give the exact language of a request to charge when the same principles are fairly given to the jury in the general charge of the court. [Cits.]" *Burnett v. State,* 240 Ga. 681, 687 (242 SE2d 79). The trial court instructed the jury fully and fairly as to the principles of burden of proof, presumption of innocence, reasonable doubt, conflicting evidence, and circumstantial evidence. Second, there was direct evidence, in the form of appellant's own statement, establishing appellant's presence at the scene of the crime and his commission of acts of choking and shoving the victim, as alleged in the indictment. Thus, "the facts and circumstances of this case were not such that same were susceptible of two interpretations so as to require that an interpretation of the facts consistent with [appellant's] innocence should prevail." *London v. State,* 142 Ga. App. 426, 427 (236 SE2d 158). See *Johnson v. State,* 230 Ga. 196 (5) (196 SE2d 385). Furthermore, the instruction requested by appellant is not applicable "where the evidence of guilt is more reasonable than that of not guilty. . . ." *Nolen v. State,* 124 Ga. App. 593, 594 (184 SE2d 674). The trial court did not err in refusing to instruct the jury as requested by appellant.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted April 11, 1978 — Decided June 23, 1978.

*Stephen M. Friedberg, Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Dean R. Davis, Assistant District Attorneys,* for appellee.