59216, 59217. CHANEY v. THE STATE (two cases).

DEEN, Chief Judge.

Earl Chaney brings these appeals following his conviction of aggravated assault.

1. As the evidence showed that Chaney attempted to rape his fourteen-year-old stepdaughter and threatened her with a baseball bat, the trial court did not err in failing to give his requested charges on simple battery and simple assault. *Clempson v. State,* 144 Ga. App. 625 (241 SE2d 495) (1978).

2. Contrary to defendant's contention, the trial court ruled on defendant's requests to charge prior to his closing argument to the jury. The transcript shows that the court informed counsel that the "only evidence points to assault with intent to rape or not at all." The trial court's rather

vague response in reply to a request for a formal ruling did not alter its prior ruling that the evidence did not warrant such charges.

3. Appellant also contends that the trial court erred in denying his motion for a directed verdict on his special plea of insanity at a hearing conducted the day prior to his criminal trial. The evidence showed that appellant's attorney testified that he believed that his client understood the charges against him and the possible consequences of the charges, but that he had not been able to cooperate with him in his defense because he gave conflicting stories of the incident each time he was interviewed. At a hearing on a special plea of insanity, the burden is upon the defendant to produce evidence of his insanity. *May v. State,* 146 Ga. App. 416 (246 SE2d 432) (1978). As the only evidence presented was the opinion of the attorney, the trial court did not err in denying the motion for a directed verdict.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JANUARY 11, 1980 — DECIDED MARCH 13, 1980.

*Derek H. Jones,* for appellant.
*Dewey Hayes, District Attorney, Harry D. Dixon, Jr., Assistant District Attorney,* for appellee.