### 17981.  DAVIS *v.* THE STATE.

The verdict was a nullity, and a motion to set aside the judgment because there was no legal verdict on which to base it should have been sustained, where, on a trial under an indictment charging the defendant, in the first count, with simple larceny of an automobile, and in the second count with having converted the automobile to his own use after having been entrusted with it for the purpose of delivering it to a designated person, the finding of the jury was as follows: "We . . find the defendant guilty of misdemeanor, and recommend to the mercy of the court, count 2." BROYLES, C. J., dissents.

DECIDED JULY 15, 1927.

Larceny after trust; from Fulton superior court—Judge E. D. Thomas. January 29, 1927.

*Joe Hill Smith,* for plaintiff in error.

*John A. Boykin, solicitor-general, John H. Hudson, J. Walter LeCraw,* contra.

LUKE, J.  The defendant was tried under an indictment charging him in the first count with simple larceny of an automobile, and in the second count with having converted the automobile to

---

Criminal Law, 16 C. J. p. 1103, n. 68.

his own use after being entrusted with it by one Davis for the purpose of delivering it to a designated person. The verdict was as follows: "We, the jury, find the defendant guilty of misdemeanor, and recommend to the mercy of the court, count 2." He was sentenced to work twelve months, the sentence to be suspended upon his making reasonable restitution to the Drive-It-Yourself Company. The case came to this court on exceptions to the overruling of his motion to set aside the judgment, upon the ground that there was no legal verdict to base the judgment upon. *Held,* that the verdict was a nullity, and that the court erred in overruling the motion to set aside the judgment, or sentence, in the case. *Wells* v. *State,* 116 *Ga.* 87 (42 S. E. 390); *Smith* v. *State,* 117 *Ga.* 16 (2) (43 S. E. 703).

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The motion in this case was to set aside a judgment based upon an alleged void verdict. In *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235), the motion was to set aside a judgment based upon an alleged void indictment, and it was there distinctly held that the motion *to set aside* was not the appropriate remedy, and that the motion was properly overruled by the trial judge. That ruling was followed by this court in *Gravilt* v. *State,* 36 *Ga. App.* 301 (136 S. E. 829). The ruling made in those two cases is controlling in the instant case, since there is no essential difference between a motion to set aside a judgment based upon a void indictment and a motion to set aside a judgment based upon a void verdict. The reason why a judgment founded upon a void indictment can be arrested is, as was said by Mr. Justice Cobb in *McDonald* v. *Sowell,* 129 *Ga.* 242 (58 S. E. 860, 12 Ann. Cas. 701), that "the verdict and judgment in such a case is an absolute nullity." In each of the two cases cited in the majority opinion in the instant case, the motion was to *arrest* the judgment, not to set it aside.