21732.   HAUGABOOK *v.* THE STATE.

DECIDED NOVEMBER 10, 1931.   REHEARING DENIED DECEMBER 15, 1931.

*Jule Felton,* for plaintiff in error.

*Hollis Fort, solicitor-general,* contra.

LUKE, J.   Emmett Haugabook was charged with making "spirituous, vinous, and malted liquors and beer." The defendant excepts to the judgment overruling his motion for a new trial.

The substance of the State's case appears from the following statement. On the afternoon of December 30, 1930, in Macon county, two witnesses located a still in a swamp about three hundred and fifty yards from the defendant's home. The defendant was about twenty-three years old and worked with his father, who was a cropper on Mr. Eddie McKenzie's place. The still was complete with the exception that the worm could not be found. "There were evidences of fire having been used around the still. The still was smutty." At the still were found four barrels of "beer" and a jug of whisky. Two of these barrels contained fermented and alcoholic beer "ready to run." The other two barrels contained a mixture that was fresh and apparently had not fermented. The beer was "made out of sugar and shorts." A path leading from a point near the rear of defendant's home "went to the still, and no further, without branching off anywhere." There was no house between defendant's home and the still. The defendant, "and nobody else," was at the still. "He had a stick about four and a half feet long, and at the end of it there were holes bored through it, and pegs around the holes, and he was stirring the beer in the barrels with it." The officer was in about thirty or forty feet of the defendant, and was certain as to his identity.

The gist of the defense was that the defendant was a man of good character; that he was not the man seen at the still; and that he knew nothing whatever about either the beer or the still. The main contention is that the evidence fails to show his guilt for the reason that it does not disclose which of the barrels of beer he was stirring, those containing alcoholic beer, or those containing non-alcoholic beer; and that, this being the case, the conviction depended entirely upon circumstantial evidence, and the court should have charged the law pertaining to that sort of evidence, even though there was no request that he do so.

It will be observed that the evidence is that the defendant "was stirring the beer in the barrels." We are of the opinion that this testimony could be construed by the jury, and the jury alone, and that they had the right to conclude from it and the other testimony in the case that the defendant was guilty of making spirituous and malted liquors and beer. Neither do we think that the conviction depended entirely upon circumstantial evidence. Therefore, the premises considered, we hold that the trial judge did not err in

overruling the motion for a new trial. for either of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*