Smith, a witness for the State, previously adduced, as follows." The ground then sets out the testimony of the witness Sam Smith, consisting of about one full page. The motion to rule out the testimony was as follows: "I make a motion to rule out all of this witness's testimony." No reason was given why the testimony should be ruled out. Obviously the ground is without merit.

John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, contra.

## 22241. SMITH v. THE STATE.

BROYLES, C. J. 1. The special ground of the motion for a new trial, not having been argued or insisted upon in the brief of counsel for the plaintiff in error, is treated as abandoned.

2. The evidence for the State amply authorized the verdict. The defendant introduced no evidence, but made a statement in which he admitted being at the distillery and his flight therefrom, but denied having any interest in or connection with the distillery. The jury had the right

(which evidently they exercised) to reject such denial and to disbelieve his statement that his object in going to the still was to get a drink of whisky. The evidence for the State (none of which was denied by the defendant in his statement to the jury) was sufficient to authorize the jury to find that it excluded every reasonable hypothesis save that of his guilt. The cases cited in the brief of counsel for the plaintiff in error are easily distinguishable by their respective facts from this case.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JUNE 15, 1932.

*Jere M. Moore, George C. Palmer,* for plaintiff in error.
*A. J. Perryman, solicitor-general,* contra.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

