## 22999. LUCAS *v.* THE STATE.

DECIDED NOVEMBER 20, 1933.

*W. L. Nix,* for plaintiff in error.

*Clifford Pratt, solicitor-general,* contra.

MACINTYRE, J.  Tom Lucas was convicted of manufacturing intoxicating liquors and beverages.  He made a motion for new trial; and, this motion having been overruled, he excepted.

Hugh Garner, a county policeman, testified in part as follows: "I went down an old gully and got right at it [the still], and this Tom Lucas and another fellow run right in my face, and I grabbed him, and he whirled and run, and I run him over the hill, and he got away.  There was a still there, and three boxes of beer and a tub with two or three gallons of liquor in it.  The still was in operation.  Tom Lucas outran me.  I called him to stop, but he kept going.  He didn't say anything. . .  When I first saw him I expect he was in ten or fifteen feet of the still; he just stepped right from the still, and when he run he run right at me.  I don't know the other darkey; he was just a few feet behind him; they were both right at the still."  It was about six months before the officers could find the defendant to arrest him.  He was finally arrested at his father-in-law's house.  Upon the approach of the officers on this occasion, the defendant ran up through a field two or three hundred yards before the officers caught him.  The defendant contended, in his statement to the jury, that Mr. Giles, who owned the land where the still was found, told him, while he was

in a field about five hundred yards from where the still was located, to go down to the still and "tell those people, whoever they were, to get that thing off the place." This was corroborated by the witness Giles. Under the rule of law stated in *Yonce* v. *State,* 154 *Ga.* 419 (114 S. E. 325), and followed in *Flint* v. *State,* 29 *Ga. App.* 222 (114 S. E. 585) : "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing the officers approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor. Whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury." The evidence in this case authorized the verdict.

In the first eight special grounds of the motion for a new trial the defendant, in effect, contends that in defining direct and circumstantial evidence to the jury, the court expressed an opinion that there was direct evidence connecting the defendant with the offense, when in fact there was no such evidence; that the judge should have gone further and charged, that, "to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis than the guilt of the accused;" that the excerpts from the charge above referred to authorized the jury to convict if they believed the defendant guilty beyond a reasonable doubt, thus unduly emphasizing the fact that they were authorized to convict if the evidence satisfied them beyond a reasonable doubt only; and that they also excluded from the jury's consideration the law that requires the evidence in this class of cases to be sufficient to exclude every other reasonable hypothesis. In the latter part of the charge the court defined both direct and circumstantial evidence in the terms of the Penal Code (1910), § 1009, and then charged, that, "where a conviction is sought on circumstantial evidence, the rule is that it must be sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused;" and then charged on the question of flight, concluding the charge on that subject thus : "And you are to consider that question along with all the other facts, if proved, in the case, in deciding whether or not you believe beyond a reasonable doubt that the defendant is guilty of the offense charged." The court then charged : "If the defendant, either by himself or in connection with another one, engaged

in the manufacture, making of intoxicating, malt, and vinous and spirituous liquors in this county, as charged in the indictment, and if you should believe that under the rules stated, and so find, it would become your duty to convict him of the offense charged;" and then charged: "Now the offense of manufacturing intoxicating whisky and liquors is punishable by confinement in the penitentiary from one to five years; and if you should believe beyond a reasonable doubt and find the defendant guilty, under the rules given you in charge, it would become your duty to fix the punishment." Next, the court gave the jury the form of a verdict in case of a conviction of a felony; and then charged with reference to the right of the jury to recommend that the defendant be punished as for a misdemeanor, and said: "And if you believe beyond a reasonable doubt and find that the defendant is guilty of the offense charged and desire to recommend that he be punished as for a misdemeanor," etc. The judge gave the jury the form of a misdemeanor verdict. He then concluded his charge in this language: "If you are not satisfied of his guilt beyond a reasonable doubt under the rules stated, then the form of your verdict would be: 'We, the jury, find the defendant not guilty.'"

The fact that the judge, in his charge, defined direct and circumstantial evidence in the terms of the Code did not amount to an expression of opinion that direct evidence had been introduced. *Roberts* v. *State*, 83 *Ga.* 369, 371 (9 S. E. 675). It seems to us, that, having charged the definition of both direct and circumstantial evidence in the very terms of the Code, and having then charged the jury when circumstantial evidence was sufficient to convict where a conviction was sought on circumstantial evidence, the court's failure to recharge the law of circumstantial evidence in immediate connection with the law of reasonable doubt was not misleading or cause for a new trial. *McNaughton* v. *State,* 136 *Ga.* 600, 614 (71 S. E. 1038). For after all, "in all criminal trials, whether dependent upon positive or circumstantial evidence, the only question is, not whether it be possible that the conclusion to which the proof points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt." *John* v. *State,* 33 *Ga.* 257 (2). It will be noted that sections 1012 and 1013 of the Penal Code (1910) were codified from *John* v. *State,* supra, which was a circumstantial-evidence case.

There are several other contentions which we consider hypercritical and without merit.

Ground 13 complains that the judge erred in not charging on the subject of alibi, without request. The defendant's witness Giles testified that about forty minutes before the raid on the still he told the defendant to go down to the still and tell them to move it off his place at once. The defendant at this time was about five hundred yards from the still. One of the defendant's witnesses, Jesse Matthews, testified that he was helping operate the still, and that he had pleaded guilty; that the defendant "didn't have nothing to do with it [the still]—he wasn't helping operate it—he came up there and called me and told me that fellow said move it from down there;" "I started walking up the path with him, and we met Mr. Hugh Garner and them, and I run. . . When these officers came up there, Tom [the defendant] hadn't been there more than four or five minutes." We quote as follows from the defendant's statement to the jury: "Mr. Giles . . said: 'You go down there and tell them niggers to get that thing off my place;' and I said: 'Mr. Giles, suppose I go down there and the officers catch me. . . I won't go down there, but I will go close enough and hollo and tell them;' and I went down there, and one of them fellows jumped up and said, 'Uh,' and I said 'Come here, nigger,' and looked up and I seen Mr. Hugh Garner, and he had his gun out cocked, and this other fellow was right behind me, and the law got in behind the other man, and I had an overcoat on, and got so hot running I run out of it."

"To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." Penal Code (1910), § 1010. Under his witnesses' testimony and his own statement, the defendant was at a place where it was not impossible for him to have committed the crime. "Alibi is a physical circumstance, and derives its entire potency as a defense from the fact that it involves the physical impossibility of the guilt of the accused." *Harris* v. *State*, 120 *Ga.* 167, 171 (47 S. E. 520). Under the evidence in this case, we do not think that it was reversible error for the court to omit to charge the law of alibi when there was no request that he do so.

In conclusion, we hold that the judge did not commit error in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*