## 24261. WEAVER v. THE STATE.

GUERRY, J.  1. Ed Weaver, the defendant, was found by officers, with another at a liquor still. According to the evidence, the officers surrounded the still and remained thus stationed some ten minutes before making their presence known. During that time the defendant was seen measuring up liquor by pouring it from a lard can into a jug; and a large gush of smoke came from the still, as if water had been thrown on the fire. When the officers actually raided the still the fire had the appearance of having just been watered; the distillery was warm; the furnace was warm; the slop and still were warm. On discovery the defendant took flight, but was apprehended. *Held:* More convincing evidence could hardly have been presented as to the defendant's guilt. Therefore, this court can not interfere with the verdict rendered. See, in this connection, *Lucas* v. *State*, 48 *Ga. App.* 42 (171 S. E. 850); *Yonce* v. *State*, 154 *Ga.* 419 (114 S. E. 325); *Flint* v. *State*, 29 *Ga. App.* 222 (114 S. E. 585); *Smith* v. *State*, 46 *Ga. App.* 351 (167 S. E. 714); *Smith* v. *State*, 45 *Ga. App.* 357 (164 S. E. 479); *Haugabrook* v. *State*, 44 *Ga. App.* 327 (161 S. E. 635).

2. The charge of the court that "If you find that the defendant manufactured any of these beverages, liquors and drinks set out in the bill of indictment, that he did it himself or in connection with another, if he had any interest in the manufacture of the drinks in anyway whatsoever he would be guilty," was, in light of the evidence, not erroneous for any reason assigned. See *White* v. *State*, 18 *Ga. App.* 214 (89 S. E. 175).

3. The jury returned a verdict as follows: "We, the jury, find the defendant guilty of a misdemeanor." The court thereupon said: "What do you mean by that? That is not in form. You must find him guilty of manufacturing liquor, or not guilty. If you desire to do so, you can find him guilty of manufacturing, and recommend that he be punished as for a misdemeanor. Is that what you mean?" The jury thereupon, without dispersing or any judgment having been entered on such verdict, returned a verdict of guilty of manufacturing liquor, and recommended that the defendant be punished as for a misdemeanor. *Held:* The action of the trial judge was not erroneous for any reason assigned. The verdict finding the defendant guilty of a misdemeanor (the indictment charging a felony) was a nullity (*Wells* v. *State*, 116 *Ga.* 87, 42 S. E. 390; *Davis* v. *State*, 37 *Ga. App.* 144, 139 S. E. 100; *Smith* v. *State*, 117 *Ga.* 16, 43 S. E. 440), and, the jury not having dispersed so as to bring the trial to an end, and render them functus officio (*Smith* v. *State*, 59 *Ga.* 513), and no judgment having been entered thereon, it was within the power of the court to require the jury to retire and render a lawful verdict (that is, one that would express their real finding), not intimating what their verdict should be. See, in this connection, *Turbaville* v. *State*, 58 *Ga.* 545; *Mangham* v. *State*, 87 *Ga.* 549 (13 S. E. 558); *Register* v. *State*, 10 *Ga. App.* 623-35 (74 S. E. 429); *Smith* v. *Pilcher*, 130 *Ga.* 350 (60 S. E. 1000).

4. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 23, 1934.

*E. S. & J. L. Griffith,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general,* contra.