## 50804. HARPER v. THE STATE.

Marshall, Judge.

Appellant was tried and convicted by jury upon the evidence and legally correct instructions for the commission of the offense of aggravated assault by unlawfully shooting one Reynolds with a pistol, the same being a deadly weapon. He was sentenced to five years imprisonment. The evidence for the prosecution, if believed, clearly and compellingly established that appellant without lawful reason or excuse at a nightclub insulted Reynolds and accepted an invitation to go outside the club at which the shooting occurred to settle the matter. At the door to the club, while the two men grappled but without blows being struck by either man, appellant pulled a pistol from his trousers' pocket and shot Reynolds in the abdomen.

Appellant does not dispute this statement of the evidence except that his version includes a theory of self-defense. Appellant asserted at trial that when the men got to the door leading outside, Reynolds without warning turned and struck appellant, knocking him to the floor, cutting his lips and face, and then began to strike and kick appellant so that he feared for his life. It was only at that point he pulled the weapon and shot Reynolds to get Reynolds off and because he was scared.

All issues raised by the evidence were presented to the jury under appropriate instructions. The jury resolved the issues against the appellant and found him guilty as charged. Following sentencing by the trial court, appellant moved that court for a new trial. This motion was denied. Appellant now brings this appeal raising four enumerations of error on the sufficiency of the evidence, all of which are on the general grounds. *Held:*

The general grounds of error contained in Enumerations 2, 3 and 4 pertain to the trial proper. These general allegations of error are without merit. The evidence was sufficient for the jury to return a verdict of guilty of aggravated assault. The state's evidence established that appellant started an argument with the victim, and that as the two men began to grapple, appellant shot Reynolds. Such evidence authorized the jury to find appellant guilty of aggravated assault. *Reeves v. State,* 128 Ga. App. 750 (197 SE2d 843). The jury was authorized to believe the state's witnesses and to disbelieve the testimony of appellant and his witnesses. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859).

In his first enumeration of error, appellant urges, on general grounds, that the trial court erred in its refusal to grant his motion for a new trial.

After a verdict of guilty has been returned, in determining the validity of a motion for new trial, that review looks to the evidence from the point of view that is most favorable to the state. *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683). Since there was sufficient evidence to support the verdict and no special enumerations of error are alleged or apparent, there was no error in overruling a motion for new trial based on general grounds. *McHugh v. State,* 134 Ga. App. 758, 760

606

(216 SE2d 351).
  *Judgment affirmed. Bell, C. J., and Webb, J., concur.*
  SUBMITTED JUNE 16, 1975 —DECIDED SEPTEMBER 2, 1975.

*Rees R. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph Drolet, Carole E. Wall, Isaac Jenrette, Assistant District Attorneys,* for appellee.