## 52466. JONES v. THE STATE.

McMurray, Judge.

Defendant was indicted, tried and convicted of the offense of theft by taking certain enumerated merchandise from a department store. He was sentenced to serve a term of five years. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. The evidence discloses that a security guard observed the defendant and two companions removing clothing from racks in the store. The articles of clothing were placed in an empty box which was taken out a door into a parking lot. Defendant was then arrested and his companions fled. The evidence was ample to support the verdict. See Code § 26-1802; *Young v. State,* 232 Ga. 176 (205 SE2d 307); *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Harper v. State,* 135 Ga. App. 604 (218 SE2d 312).

2. Defendant next complains of instruction to the jury that, "The state is not required to convince you beyond every possible doubt or every imaginary doubt or every fanciful doubt." But this was not the entire charge on reasonable doubt as found in Code § 38-110. The charge was fair and did not shift any burden to the defendant as contended by the defendant, and it has been approved on

numerous occasions in such cases as *Bruster v. State,* 228 Ga. 651 (2) (187 SE2d 297); *Marshall v. State,* 129 Ga. App. 733, 734 (3) (200 SE2d 902); *Bacon v. State,* 222 Ga. 151 (2) (149 SE2d 111); and cits.

3. At the completion of the state's case, counsel for defendant requested that he be allowed to make a motion out of the presence of the jury. Whereupon the court sent the jury to the jury room for a moment. In doing so he admonished them, "Don't light up your cigarettes, you'll probably be back pretty soon." The court did not express any opinion as to what the evidence showed or as to what has or has not been proven or as to the guilt of the accused. There is no merit in this complaint.

4. During the charge the court instructed the jury that it had to determine "whether or not the property allegedly taken was valued at more than $100.00 or less than $100.00" and that if it found the defendant guilty it would have to add the further finding that the property taken was valued at more than $100 or that the jury found that the property was valued at less than $100 and that if the jury had a reasonable doubt as to his guilt it should acquit him as to the charge and find the defendant not guilty. The substance of defendant's argument here is that the value of the goods taken had not been sufficiently established and that the court failed to give the jury a means and standard of determination of value. There was ample evidence offered as to the value of the goods taken. See *Hiatt v. State,* 133 Ga. App. 111 (1, 2) (210 SE2d 22); *Marchman v. State,* 132 Ga. App. 677 (4) (209 SE2d 88); *McRoy v. State,* 131 Ga. App. 307 (205 SE2d 445). Value of merchandise is generally one of opinion, but the jury may consider such opinion testimony and make reasonable deductions, and exercise their own knowledge and ideas. See Code § 38-102; *Warren v. State,* 76 Ga. App. 243, 245 (45 SE2d 726); *Grant v. Dannals,* 87 Ga. App. 389 (1) (74 SE2d 119); *Manley v. State,* 166 Ga. 563, 566 (19) (144 SE 170); *Palmer v. Howse,* 133 Ga. App. 619, 620 (1) (212 SE2d 2). There is no merit in this complaint.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JULY 7, 1976 — DECIDED JULY 16, 1976.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Isaac Jenrette, Assistant District Attorneys,* for appellee.