52421. ABNER v. THE STATE.
52422. ARMSTRONG v. THE STATE.
52423. HILL v. THE STATE.
52424. JOHNSON v. THE STATE.
52425. SCOTT v. THE STATE.

SUBMITTED JULY 15, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 22, 1976 IN CASE NOS. 52421 AND 52422 —

*Wm. Ralph Hill, Jr.,* for appellant (case no. 52421).
*James A. Secord,* for appellant (case no. 52422).
*Fletcher & Watson, Joseph F. Dana,* for appellant (case no. 52423).
*Cook & Palmour, Bobby Lee Cook, Jr.,* for appellant (case no. 52424).
*J. Donald Bennett,* for appellant (case no. 52425).
*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The general grounds are urged as error. The alleged victim testified that he was hit by only one of the appellants and forced to go into the bathroom of the dormitory. He did not cry out for help. It is argued that this evidence would support a verdict of guilty of sodomy but not aggravated sodomy, there being no evidence of the act being against the will of the victim or that force was exercised only by the one appellant who struck him. The victim testified that he performed acts of sodomy on the appellants and that he did so because they threatened him with physical harm, because he was scared, because he was afraid of being killed. Another witness for the state corroborated the victim's story as to the occurrence and the fact that it was not performed voluntarily. There is no merit in the general grounds. *Lashley v. State,* 132 Ga. App. 427 (1) (208 SE2d 200).

2. Failure to charge on the defense of alibi is cited as error. Alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence. Code § 38-122. There is of course no question but that the appellants were in the same dormitory room with the alleged victim; they rely on defense witnesses however to show that they were not in the bathroom at the time the act was supposed to have occurred. These witnesses testified that they heard nothing on the night of the alleged attack, that they were not awakened, that the appellants were in their own beds when they (the witnesses) went to sleep. This evidence

does not establish a defense of alibi. That the appellants were seen in their own beds by witnesses who then went to sleep, does not show that it was impossible for them to have committed the offense in the bathroom later on; that it would have been "impossible" for the acts alleged to have occurred without these witnesses being awakened was conjecture and a question for the jury, the credibility of the victim's story being attacked. There being no evidence as to the impossibility of presence at the time of the *commission* of the offense, failure to charge specifically as to alibi was no error, especially where, as here, there was no request. *Lucas v. State,* 48 Ga. App. 42 (2) (171 SE 850).

3. Error is assigned to the district attorney's remarks made in his closing argument to the jury; objections were lodged and motions for mistrial were made after the following: "When people become so unruly that they take things that don't belong to them, that they do this and that and the other and make the community unsafe, the best thing to do is get them off the street. . . Might they just run in droves in the community where they go?"

Appellants urge that these remarks were prejudiced and the district attorney should have been rebuked or a mistrial ordered. Code § 81-1009. The prosecution is permitted to draw deductions from the evidence and these deductions may be illogical, unreasonable or even absurd so long as there is evidence from which such deductions can be made. *Montos v. State,* 212 Ga. 764 (95 SE2d 792). We do not believe the argument of the prosecuting attorney here was any less of such a deduction than was that in *Brand v. Wofford,* 230 Ga. 750 (9) (199 SE2d 231). There was no error.

4. Error is assigned to the allowance of two witnesses for the state to testify when their names were not included in the list furnished under Code Ann. § 27-1403. The record reveals that the name of one witness was supplied to the appellants approximately one week before the trial and the name of the other was supplied on the morning of the trial. In the latter instance the state urged that it was unaware of the witness at the time the original list was furnished and that his name had been given to the

appellants as soon as this "newly-discovered evidence" was unearthed. Both witnesses were inmates of the institution and were residents of the dorm where the alleged attack occurred. It is urged that since these witnesses were inmates in the state's custody and that at least one of them had told his story to an officer at the institution, the evidence is not "newly discovered" even though the state's attorney stated in his place that he had only "discovered" one of the witnesses on the morning of the trial. That the investigating officers may have known of the witnesses does not impute such knowledge to the prosecuting attorney. *Scott v. State,* 230 Ga. 413 (197 SE2d 338). Here it was sufficient that the state's attorney stated in his place that the witness had been "discovered" only that morning. As to the other witness, the record is confusing as to exactly when the state's attorney discovered his existence. There is no dispute however that the appellants were aware for at least a week prior to trial that he would testify. "It is not necessary that the prosecution scrupulously comb its files to guarantee that the first list given the accused is absolutely complete under the harsh penalty of not being allowed to use any witness who inadvertently is left off the list. What is required is that the list must be complete within a reasonable time before trial so that the defense may be adequately prepared." *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30). Considering the nature of the case, the number of the state's witnesses, the nature of their testimony and other factors, we believe that the appellants were supplied with the name of this witness within a "reasonable time" even if he were not "newly-discovered." There was no error.

5. The appellants sought to prove the character of the alleged victim through questions concerning his reputation as a homosexual. Under Code § 38-202, the character of a party is irrelevant unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. The appellants argue that the character of the alleged victim as a homosexual would negate the element of force in Code Ann. § 26-2002; we are cited to the "rape" cases as analogous. We cite the appellants to *Lynn v. State,* 231 Ga.

559 (203 SE2d 221). What is relevant in this case is whether the alleged victim was forced against his will to commit the acts of sodomy; we do not believe his general character is otherwise necessary or proper but would be irrelevant to the issue under investigation. There was no error.

6. The appellant in 52421 cites error in the denial of his plea of misnomer. The indictment was in the name of Duncan "Abney"; whereas the appellant swore his true name was Duncan "Abner." We do not find the difference to be any greater than between "Fielder" and "Fielding"; it was not error to deny the plea of misnomer. *Fielding v. State,* 30 Ga. App. 664 (118 SE 601).

7. Lastly, appellant Abner urges error in the denial of his special plea in abatement and motion to quash the indictment for failure to provide him a commitment hearing. The alleged crime occurred on April 5. A warrant was issued on April 9. An indictment was handed down on May 5. The case was tried on May 28 and 29 and the conviction resulted. ". . . a preliminary hearing is not a required step in a felony prosecution and . . . once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing." *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343). There was no error.

*Judgments affirmed. Quillian and Webb, JJ., concur.*