## 56593. MULLINS v. THE STATE.

Webb, Judge.

Hubert Mullins was convicted of the crime of armed robbery in Murray County. In his appeal he contends that the trial court erred in overruling his amended motion for new trial (1) on the ground that he, who was acting as his own counsel, had been refused permission in advance of the day of trial to interview Shirley Gates, a state prisoner, although he had requested the right to interview her whom he had subpoenaed, and (2) on the ground that he was not allowed to give narrative testimony when he testified in his own behalf. From our review of the record we find no merit in either contention, and affirm.

The trial of this case in Murray County was on February 27. The indictment had been returned by the grand jury on the previous December 20, and the trial judge had appointed two attorneys to represent the accused. On January 5, however, Mullins by written

motion to the trial judge requested that his appointed counsel be relieved, and that Mullins be allowed to represent himself. On January 11 the court appointed other counsel to assist Mullins on questions of law and to sit at the counsel table with Mullins at the trial of his case, but Mullins would be "his own lawyer."

Mullins issued a number of subpoenas, one of which was on February 3 to Shirley Gates. On the back of the subpoena Mullins had written a request to have her confront him at the Murray County jail. Similar requests were made to the sheriff and other persons as to other witnesses, but only Shirley Gates Boatright was in the custody of the state. She was a prisoner at the Women's Prison in Milledgeville. None of the witnesses having contacted him, Mullins on February 16 moved to dismiss the indictment. The trial court overruled the motion on February 27, the day of the trial.

1. At the time of trial, before the witness Shirley Gates was ever called to testify, Mullins was afforded an opportunity to and did interview her. He made no objection, motion for continuance, or other motion concerning the interview either before or during trial. He knew the witness well; they had lived together.[1] He has made no showing as to how he was prejudiced by the interview being conducted on the day of trial rather than before time. There had been no denial of access to the witness such as in *Wilson v. State,* 93 Ga. App. 229 (91 SE2d 201) (1956). Actually, the district attorney before calling Shirley Gates to testify, suggested to the trial court and Mullins that the latter would want to interview her, and this Mullins did. Although the state has no right to deny the accused and his counsel the right to interview witnesses, and there was no denial here, a witness cannot be compelled to submit to such interview. *Emmett v. State,* 232 Ga. 110, 113 (205 SE2d 231) (1974). The record indicates that the witness was fully interrogated by

---

[1]The record here refers several times to Mullins' trial in Whitfield County. That trial occurred November 28, 1977, the case is on appeal to this court, No. 56673, and Shirley Gates testified.

Mullins on cross examination, and there was no objection to her testimony or motion of any type by Mullins as to her testimony. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which defendant might have had." *Smith v. State,* 116 Ga. App. 45, 48 (2) (156 SE2d 380) (1967); *Sides v. State,* 213 Ga. 482, 488 (5) (99 SE2d 884) (1957).

2. After Mullins had rested his case, he was allowed without objection to reopen his case, and to take the stand to testify. The trial court directed that his evidence be presented by questions and answers, and not by narration. There was no objection on the part of Mullins or his appointed counsel, and the testimony of Mullins was given to the jury in answer to questions from his counsel. The record indicates that Mullins exercised considerable latitude in giving his testimony, actually testifying in narrative form. The state made no objection, and his testimony was allowed as given.

The trial court has a wide discretion to control the forms of examination of a witness to ensure that facts may be clearly and expediently presented. Agnor's Ga. Evidence 38, § 4-6, fn. 1; *Fields v. Jackson,* 102 Ga. App. 117, 127 (115 SE2d 877) (1960). We find no error here.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 28, 1978.

*Michael S. Moldavan,* for appellant.
*Charles A. Pannell, Jr., District Attorney,* for appellee.