## 57256. COLBERT v. THE STATE.

McMURRAY, Judge.

Defendant was indicted in two counts for forcible rape (Count 1) and armed robbery (Count 2). He was subsequently tried and convicted as to both counts. He was sentenced to serve 20 years on each count to run concurrently. Motion for new trial was filed and after a hearing denied. Defendant appeals. *Held:*

1. As to the general grounds of the motion for new trial the evidence was sufficient to support the verdict, and it should not be disturbed. *Lawson v. State,* 234 Ga.

136, 138 (2) (214 SE2d 559); *Pryor v. State,* 139 Ga. App. 814 (229 SE2d 670); *Allen v. State,* 137 Ga. App. 21 (1) (222 SE2d 856). The victim as a witness identified the defendant as the perpetrator and related the circumstances leading to the armed robbery and rape. The jury is the sole judge of the credibility of the witnesses. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Harper v. State,* 135 Ga. App. 604 (218 SE2d 312). The trial court did not err in denying the motion for new trial.

2. The trial court did not err in allowing testimony of alleged similar transactions over objections. In the prosecution of a particular crime evidence which in any manner shows or tends to show the defendant has committed similar crimes wholly distinct, independent and separate from that for which he is on trial, the same is relevant and admissible if there be some logical proof that one tends to establish the other. See *Foster v. State,* 230 Ga. 666, 667 (1) (198 SE2d 847); *Young v. State,* 146 Ga. App. 391, 394 (2) (246 SE2d 711). Such evidence of similar transactions has been liberally extended in cases of sexual crimes. *Sudlow v. State,* 140 Ga. App. 146, 147 (230 SE2d 106). The modus operandi of the perpetrator in the case sub judice was shown to be the same as to the similar crimes.

The victim was threatened by the defendant at the time she was raped and robbed and she later received obscene phone calls and was again threatened. Even though she was unable to identify the voice as that of the defendant, this testimony was relevant, material, the same to be admitted for its weight and effect and credit to be determined by the jury. *Layne v. State,* 147 Ga. App. 511, 513 (249 SE2d 324), for the same reason her testimony with reference to the fact that her house was broken into two months after the rape was also authorized in evidence.

No objection was made to the testimony of another witness with reference to a burglary at the home of the victim two months after the crime. Whether or not this testimony would be admissible, an objection to the admission of evidence must be made at the time of trial in order to be reviewed by this court. See *Mullins v. State,* 147 Ga. App. 330, 332 (1) (248 SE2d 708).

Another victim who lived in the same vicinity was allowed to testify as to an intruder who broke into her home and raped and robbed her. The only objection made was, "I think it is irrelevant and immaterial." This objection was insufficient to be considered by the court. However, the court did charge the jury that they should consider this testimony solely as to whether or not the defendant was involved in such similar transaction and was for the jury to determine and, if so, "solely with reference to the mental state or intention of the defendant insofar as it is applicable to the charge in the indictment." For the reason stated, this objection will not be considered further. We find no reversible error here.

3. The testimony of the expert as to the comparison of the defendant's fingerprints to the latent fingerprint found at the scene of another rape was sufficient to authorize his expert opinion that it was made by the defendant. See *Mooney v. State,* 122 Ga. App. 650, 651 (2a) (178 SE2d 281); *Brown v. State,* 133 Ga. App. 56, 58 (4) (209 SE2d 721).

4. One of defendant's defenses was that of alibi in which he offered testimony that he was somewhere else when the victim was raped and robbed. However, the distance between the victim's home and the residence of defendant is only one mile, and the testimony was insufficient to prove the impossibility of the defendant's presence at the scene of the offense at the time of its commission. The range of the evidence with respect to time and place must be such as to reasonably exclude the possibility of the defendant's presence. See Code § 38-122. It was not error for the court to refuse to charge the defense of alibi without a written request. *Abner v. State,* 139 Ga. App. 600, 601 (2) (229 SE2d 83); *Cain v. State,* 144 Ga. App. 249, 251 (6) (240 SE2d 750). See also *Lucas v. State,* 48 Ga. App. 42 (2) (171 SE 850). There is no merit in this complaint.

5. The court properly charged on reasonable doubt even though it failed to give the requested charge to the jury with reference to identification of the defendant. The trial court is no longer required to give a requested charge in the exact language when the same general principles are fairly given to the jury in the general charge of the

court. *May v. State,* 146 Ga. App. 416, 417 (3) (246 SE2d 432); *Simmons v. State,* 126 Ga. App. 401, 402 (3) (190 SE2d 835); *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED FEBRUARY 13, 1979 — DECIDED MARCH 8, 1979.

*Eric Welch, Eloise W. Newhard,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Victor Alexander, Jr., Assistant District Attorneys,* for appellee.