## 55760. HUDSON v. THE STATE.

SMITH, Judge.

The appellant, indicted for murder but convicted of voluntary manslaughter, contends on appeal that the trial court erred in refusing his requested charge on involuntary manslaughter. We disagree and affirm.

The trial court's refusal to deliver the requested involuntary manslaughter charge was not error. The appellant admitted having fired the shots which killed the victim, but he claimed to have done so in self-defense. Involuntary manslaughter always involves the killing of another human "without any intention to do so." Code § 26-1103. Uncontradicted evidence here showed the victim had been shot nine times in the back. For this reason, the evidence defies a conclusion that there was no intention to cause death; the evidence here authorized the jury to convict for murder or voluntary manslaughter, each of which requires an intentional killing, or to acquit as self-defense, in which the killing might or might not be intentional. But the evidence simply did not support a finding of an unintentional killing, and therein is the difference between this case and *Jackson v. State,* 143 Ga. App. 734 (3) (240 SE2d 180) (1977), relied upon by the appellant. In *Jackson,* the evidence may very well have supported a finding that the defendant's act of aggression was not intended to cause death, and the requested charge on involuntary manslaughter should therefore have been

delivered. But the evidence did not mandate the charge in this case.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED MAY 1, 1978 — DECIDED JUNE 29, 1978.

*Galin & Friedman, Stanley H. Friedman,* for appellant.

*Andrew J. Ryan, III, District Attorney, Kenneth R. Fielder, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.