### 37962. ANDERSON v. THE STATE.

GREGORY, Justice.

Appellant, Genie W. Anderson, was found guilty of the murder of Hugh Christmas and given a life sentence. From the denial of her motion for a new trial, she appeals.

Appellant lived with the victim in Warner Robins. They had an argument Saturday night, November 8, 1980, after she had called a former boyfriend in Macon that morning and made plans to move in with him. Appellant told the victim he was too possessive and jealous and the marriage they had planned for next February would not work out. According to appellant, Christmas was trying to keep her from leaving by sitting on her, so she stabbed him with a paring knife.

She left the apartment in the victim's car, drove to Macon and spent the night with her former boyfriend, Allen Brown. The next evening the two returned to the victim's apartment and unsuccessfully tried to clean up the blood. They were going to put the victim's body in the trunk of his car and take it elsewhere, but they couldn't lift it into the trunk. Instead, they dragged it into a wooded area across the street. During the attempted cleanup, appellant said, "I know this is not right to say, but, I'm glad the son-of-a-bitch is dead; I hated his guts."

Appellant and Brown spent Sunday night together and she returned, alone, to Warner Robins early Monday morning. She went to a nearby motel and reported that she had been by the apartment and found blood everywhere. After a subsequent investigation by the police, during which suspicion soon focused on appellant, she admitted that she had stabbed Christmas, although she claimed to remember stabbing him only one time. Christmas' body had 75 stab wounds.

The doctor who performed the autopsy testified that in his opinion, Christmas was first stabbed in the shoulder from the rear. These wounds had a lot of hemorrhage, indicating the victim was alive when the wounds were inflicted. Then the victim turned around and was stabbed a number of times in the chest area. Many of these wounds penetrated the heart and the left lung; some also involved the liver and stomach. The wounds to the heart were fatal and the wounds to the lungs could also have been fatal, had Christmas not had the wounds to the heart. There were no defensive wounds as

might appear on the arms of one parrying an attack, and the doctor concluded the chest wounds incapacitated Christmas very quickly. Christmas then fell, face down, to the floor, and 45 wounds were inflicted to the back, all close together, indicating little or no movement of the body during their infliction. The doctor testified that all 75 wounds appeared to have been made with the same knife.

(1) Appellant first contends the trial court erred in failing to charge involuntary manslaughter, misdemeanor grade, Code Ann. § 26-1103(b), as requested. However, we conclude " '[t]he number of wounds inflicted leaves no doubt on the question of intent or voluntariness.' *Addison v. State,* 124 Ga. App. 467, 468 (184 SE2d 186)." *Powell v. State,* 130 Ga. App. 588, 590 (203 SE2d 893) (1974). See also, *Johnston v. State,* 232 Ga. 268 (206 SE2d 468) (1974); *Hudson v. State,* 146 Ga. App. 463 (246 SE2d 470) (1978); *Teal v. State,* 122 Ga. App. 532 (4) (177 SE2d 840) (1970).

The jury was charged on voluntary manslaughter and self-defense. The court did not err in failing to charge involuntary manslaughter.

(2) Appellant contends the trial court erred in admitting, over her objection, photographs of the deceased lying in the morgue. We find no error. The photographs illustrated the doctor's testimony as to the nature of the wounds and the sequence of events. They were relevant to the issue of the cause of death and to appellant's claim of self-defense. *Mooney v. State,* 243 Ga. 373 (6) (254 SE2d 337) (1979); *Smith v. State,* 245 Ga. 168 (3) (263 SE2d 910) (1980); *Whitaker v. State,* 246 Ga. 163 (6) (269 SE2d 436) (1980).

(3) Finally, appellant contends that since there was sufficient evidence to establish provocation, her conviction of murder is not supported by the evidence. "A person commits murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." Code Ann. § 26-1101. Contrary to appellant's reasoning, the existence of provocation does not preclude the existence of malice. Malice can be express or it can be implied where "no *considerable* provocation appears." Ibid. (Emphasis supplied.) Whether or not a provocation, if any, is such a serious provocation as would be sufficient to excite a sudden, violent, and irresistible passion in a reasonable person, reducing the offense from murder to manslaughter, is generally a question for the jury.

The evidence in this case meets the standard enunciated in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and a rational trier of fact could have found from the evidence presented all the essential elements of murder, including malice, beyond a reasonable doubt,

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 5, 1982.

*Harry J. Fox, Jr.,* for appellant.
*Theron Finlayson, District Attorney, Michael J. Bowers, Attorney General, Charles E. Brown, Staff Assistant Attorney General,* for appellee.