S98A1578. ROSEBOROUGH v. THE STATE.
(508 SE2d 656)

THOMPSON, Justice.

Willie Roseborough appeals from a judgment of conviction for

---

malice murder in the shooting death of Reginald Tolbert.[1] His sole complaint on appeal is that the evidence was insufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the offense of murder. We affirm.

The evidence established that on the night of the crime, Roseborough was playing cards at the home of a friend, Gary Marshall. Several others were present, including the victim, Reginald Tolbert. During the course of the game, Tolbert and Roseborough argued about five dollars which was missing from the pot. Roseborough cursed the victim and told him to come outside, where a fight ensued between the two. Although Roseborough testified in his own defense that Tolbert was the first to strike, and that he (Roseborough) was thrown to the ground and kicked by the victim and the other men, several eyewitnesses testified that Roseborough was the aggressor. The fight lasted only a short time when Marshall and another man broke it up.

Roseborough drove across town to his home, procured a gun, and drove back to Marshall's residence where he kicked in the door, and demanded to know where the others had gone. Marshall told him that they were at a nearby nightclub. When Roseborough arrived at that location, the victim and others were sitting in a car in the parking lot. Several eyewitnesses testified that Roseborough drove up, got out of his car, and began shooting toward the victim's car. The victim exited his car and attempted to run away, but Roseborough pursued him and fired a fatal shot into his head. He then turned to the others and said that he should have killed them all. Another witness testified that Roseborough said, "All y'all going to die and I'm going to walk." Roseborough returned to his car and drove away; he later turned himself in to the police. He testified at trial that he had shot the victim, but that he "just lost it because of the way they was hitting me."

Roseborough argues that the evidence, at most, proved the elements of voluntary manslaughter and was insufficient to support a conviction for malice murder. A person is guilty of voluntary manslaughter if he

> acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there

---

[1] The crime occurred on February 11, 1996. Roseborough was indicted on May 7, 1996. Trial was held on August 5, 1996. Roseborough was convicted and sentenced on the same day to life imprisonment. A notice of appeal was filed on August 21, 1996. The case was docketed in this Court on July 1, 1998, and was submitted for decision on briefs on August 24, 1998.

should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, *of which the jury in all cases shall be the judge*, the killing shall be attributed to deliberate revenge and be punished as murder.

(Emphasis supplied.) OCGA § 16-5-2 (a). By his own testimony, Roseborough established that he drove across town to his residence, retrieved his pistol, drove back to the scene of the fight, and then drove to the nightclub where he shot the victim. Whether provocation is sufficient to excite a sudden, violent and irresistible passion as to reduce the offense from murder to manslaughter is a question for the jury. *Anderson v. State*, 248 Ga. 682 (3) (285 SE2d 533) (1982). The jury was authorized to conclude there was enough time for Roseborough to hear the voice of reason, and when he shot the victim, it was with malice aforethought. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to enable a rational trier of fact to have found all the elements of malice murder beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

*Ernie M. Sheffield,* for appellant.

*J. Brown Moseley, District Attorney, John A. Warr, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.