S98A0861. MOSES v. THE STATE.
(508 SE2d 661)

SEARS, Justice.

The appellant, Antonyo Moses, appeals from his convictions for felony murder, aggravated assault, and possession of a firearm by a convicted felon, stemming from the shooting death of his cousin, Morris Crumbley.[1] On appeal, Moses raises numerous issues, including that the evidence is insufficient to support the convictions; that the trial court erred in failing to grant a mistrial or give curative instructions after the prosecutor allegedly made unfair and prejudicial remarks about the defense attorney; and that the trial court made several errors in charging the jury. We conclude, however, that Moses's contentions are without merit, and we therefore affirm.

1. The evidence showed that the victim had been at Moses's home earlier in the day when there was a dispute about whether Moses owed the victim money. Both Moses and the victim left the

---

[1] The crimes occurred on January 27, 1996, and Moses was indicted on April 9, 1996. Following a jury trial, Moses was found guilty on October 11, 1996, and was sentenced on October 15. The trial court sentenced Moses to life in prison for the felony murder conviction, merged the aggravated assault conviction with the felony murder conviction, and sentenced Moses to a concurrent term of five years in prison for the possession offense. Moses filed a motion for new trial on October 28, 1996, and amended motions for new trial on January 17 and May 29, 1997. The court reporter certified the trial transcript on January 17, 1997. The trial court denied Moses's motion for new trial, as amended, on August 28, 1997. Moses filed a notice of appeal on September 3, 1997, and the appeal was docketed in this Court on March 6, 1998. The case was submitted for decision on briefs on April 27, 1998.

apartment, and when the victim returned, he was angry. The victim was also armed because of an unrelated shooting in the apartment complex earlier that day. Witnesses testified that the victim hit Moses once in the nose. Tim Allison testified at trial that he grabbed the victim because the victim went for his gun. Allison took the victim's gun from him, and witnesses disagreed about whether Moses was present in the room when Allison did so. After he was hit, Moses went to the living room, and then outside to his car. When Moses re-entered the house, he was holding a gun at his side. Tavares Moses, Moses's half-brother, testified that he was in the living room when Moses re-entered the house; that he saw Moses holding a gun; that he shouted that Moses had a gun; that he heard Moses say he would kill the victim; and that he heard two shots. When the shooting took place, there were five people in the kitchen: Moses, the victim, Bennie Moses, Joshua Moses, and Allison. There was testimony that Allison saw Moses with the gun, grabbed him, and spun him against a wall, but that Moses reached around Allison and fired two shots, one of which struck the victim. The victim later died from internal bleeding. One witness testified that about ten minutes elapsed from the time the victim hit Moses until the time Moses shot the victim.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Moses guilty beyond a reasonable doubt.[2]

2. Moses also contends that the prosecutor made unfair and prejudicial remarks about the defense attorney during closing arguments; that the remarks warrant reversal of the conviction; and that the trial judge erred by not granting a mistrial or giving a curative instruction when defense counsel objected to the State's improper closing argument.

During the direct examination of Moses, the defense attorney sought to determine Moses's place of residence by, among other things, asking him to read the address listed on his driver's license. The prosecutor objected, contending that the driver's license had to be tendered into evidence before he could read from it. The trial court overruled the objection. During closing arguments, the prosecutor stated that he was not playing a game when he objected to Moses reading from the driver's license, that "[i]f the license has something on it that's important to the case, he can tender it," but "to put a license there, pretend it said something on it and to pretend that [is] competent evidence, that's why I objected to it." Defense counsel objected to this argument, contending that the prosecutor was insinuating that defense counsel was lying during trial. Defense counsel

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

did not ask for curative instructions or move for a mistrial, and the trial court overruled the objection, stating that he did not believe that the prosecutor was insinuating that the defense counsel was lying during the trial. Regardless of the merits of Moses's contentions, we conclude that it is highly probable the prosecutor's remarks did not contribute to the verdict.[3]

3. Moses contends that the trial court erred in not allowing defense counsel to question a state's witness regarding the influence that another person sought to exert on his testimony. Our review of the record, however, demonstrates that the trial court permitted defense counsel to question the witness regarding that person's influence, and that the witness testified that the person influenced his testimony. The trial court only prohibited defense counsel from questioning the witness regarding the other person's motivation for attempting to influence the witness's testimony. In particular, defense counsel questioned the witness about a specific incident that defense counsel stated created a "grudge" on the part of the other person. The witness testified that he knew nothing of the incident, and the trial court sustained the State's objection against further questioning regarding the incident. Under these circumstances, we conclude that the trial court did not improperly curtail defense counsel's questioning of this witness.

4. The count of the indictment charging Moses with aggravated assault charged that he committed that crime by assaulting the victim with a pistol. The trial court, however, recited the entire Code section on aggravated assault in its charge to the jury, thereby instructing that a person commits that crime when he assaults with the intent to rape or rob. In his seventh enumeration of error, Moses contends that the trial court erred in giving this charge. In a recent case involving an identical indictment and charge, however, we held that if "[t]here was no evidence of any intent to rape or rob . . . the giving of the entire Code section on aggravated assault did not mislead the jury or violate [the defendant's] due process rights. *Dukes v. State*, 265 Ga. 422, 424 (457 SE2d 556) (1995)."[4] Another factor leading to our holding that no error occurred was the fact that "the trial court read the indictment verbatim in advising the jury of the offense of assault with a deadly weapon."[5] Here, there was no evidence of any intent to rape or rob, and the trial court read the indictment, which set forth the offense of assault with a deadly weapon, verbatim to the

---

[3] See *Willingham v. State*, 268 Ga. 64, 65 (485 SE2d 735) (1997); *Sterling v. State*, 267 Ga. 209, 212-213 (477 SE2d 807) (1996).
[4] *Thomas v. State*, 268 Ga. 135, 141 (17) (485 SE2d 783) (1997).
[5] Id.

jury. Accordingly, we find no error.[6]

5. Moses next contends that the trial court erred in its murder charge by instructing the jury that "[t]he existence of provocation does not preclude the existence of malice." In *Anderson v. State*,[7] however, this Court rejected Anderson's contention that "the existence of provocation . . . preclude[s] the existence of malice."[8] Recognizing that "[m]alice can be implied where 'no considerable provocation appears,' "[9] we reasoned that "whether or not a provocation, if any, . . . would be sufficient to excite a sudden, violent, and irresistible passion in a reasonable person, reducing the offense from murder to manslaughter, is generally a question for the jury."[10] Accordingly, we find no merit to Moses's contention regarding this charge.

6. Moses also contends that the trial court failed to charge on mutual combat, and thus committed reversible error. We disagree. A charge on mutual combat was not warranted by the evidence, as there was no evidence that Moses and Crumbley were both armed with deadly weapons and mutually intended or agreed to fight.[11]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

*Elaine T. McGruder,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.

---

[6] Id.

[7] 248 Ga. 682, 683 (285 SE2d 533) (1982).

[8] Id. at 683.

[9] Id. at 683, quoting OCGA § 16-5-1 (b).

[10] Id. at 683.

[11] *Holcomb v. State*, 268 Ga. 100, 105 (6) (485 SE2d 192) (1997); *Martin v. State*, 258 Ga. 300, 301-302 (368 SE2d 515) (1988).