## S00A1866. WELKER v. THE STATE.
### (537 SE2d 661)

HUNSTEIN, Justice.

Jamin Thomas Welker was convicted of the felony murder of Steven Wayne Phillips, the aggravated assault of Wesley Stubblefield, and possession of a firearm during the commission of crimes.[1] His motion for new trial was denied and he appeals, challenging evidentiary rulings and jury instructions. Finding no reversible error, we affirm.

1. The jury was authorized to find that appellant and the murder victim had a history of animosity, with appellant at one time firing a gun in the direction of a car in which the victim was seated. On January 31, 1998, a few days after the murder victim moved into a trailer where appellant Welker's ex-girlfriend, Tracy Dixon, was living with Cynthia Fleming and Allen Stubblefield, appellant sent Dixon three threatening telephone pages. In response to a demand in one page, Dixon phoned appellant, who told her to leave Fleming's trailer because he intended to "shoot it up." Appellant agreed not to attack the trailer only if Dixon could get three men, including the murder victim, to meet him at the corner for a fight. Dixon told Fleming of the threat and then walked to appellant's residence to reason with him. The murder victim, Stubblefield and his brother, Wesley Stub-

---

[1] The crimes occurred on January 31, 1998. Welker was indicted March 17, 1998 in Richmond County on charges of murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. He was found guilty of felony murder, aggravated assault, and the possession charge on December 17, 1998 and on February 12, 1999 was sentenced to life imprisonment and consecutive twenty year and five year sentences on the aggravated assault and five years on the possession charges. His motion for new trial, filed February 26, 1999, was denied by order filed June 26, 1999. A notice of appeal was filed June 30, 1999. The appeal was docketed July 21, 2000 and was submitted for decision on the briefs.

blefield, and another man were walking to the corner when they encountered appellant who was driving Dixon back to the trailer. Appellant pulled out a gun; the others declined to fight him while he had the gun; and the three men walked away after Dixon said she had appellant under control. However, appellant then shouted an insult at the murder victim, who ran back to the car, followed by the other men. After an argument that lasted two to four minutes, appellant opened fire on the unarmed men. Phillips was struck three times and bled to death. Wesley Stubblefield was shot in the arm; his shirt contained at least three bullet holes.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In a pretrial hearing conducted on appellant's notice of intent to present evidence of acts of violence by the victim toward appellant and third parties, appellant presented testimony regarding six incidents, including one in which the witness testified that he had untruthfully told the police the victim had pistol whipped appellant. There was also discussion about whether the victim had threatened to pistol whip an unidentified person. None of the evidence introduced by appellant at the hearing reflected that the pistol whipping threat was directed at appellant, reflected the victim's attitude towards appellant, or had been communicated to appellant. The trial court entered its ruling at the start of the trial excluding evidence regarding this particular threat and no objection was made to the ruling. During trial, one of the eyewitnesses to the crimes testified that appellant had taunted the victim with the statement "oh you pistol whip me with my own gun?" This testimony indicated appellant was aware of the threat. Despite the introduction of this testimony, appellant did not seek reconsideration of the trial court's earlier ruling regarding the exclusion of the pistol whipping threat and did not attempt to introduce evidence regarding that threat.

Appellant now contends that exclusion of the pistol whipping threat constituted reversible error because the evidence was admissible under *Dixon v. State*, 256 Ga. 658 (2) (352 SE2d 572) (1987). However, given the evidence originally presented to the trial court, its initial ruling excluding the threat was not error. See generally *Massey v. State*, 272 Ga. 50 (3) (525 SE2d 694) (2000). Pretermitting whether waiver occurred when appellant failed to obtain reconsideration of the ruling once trial testimony revealed that the threat may have been admissible, we find that the exclusion of this evidence did not constitute reversible error in light of other evidence regarding several other death threats the victim had made of which appellant was aware and the overwhelming evidence of appellant's guilt. See

id.

3. We find no error in the trial court's admission of evidence relating to the incident where appellant fired a weapon at the car in which the murder victim was a passenger. Appellant's arguments challenging the admission of this evidence are all controlled adversely to him by *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998) (USCR 31.1 and 31.3 not applicable to evidence of prior difficulties between victim and defendant). The record fails to support appellant's contention that the State failed to comply with the uniform rules in regard to notification of intent to introduce a similar transaction which occurred the night before the crimes in issue.

4. The trial court's charge on justification fairly covered all the applicable principles. The failure to give appellant's charge thus was not error. See *Christopher v. State*, 269 Ga. 382 (3) (497 SE2d 803) (1998).

5. We find no reversible error in the trial court's charging the jury on the entire Code section on aggravated assault. There was no evidence from which the jury could have found that appellant committed an aggravated assault on Wesley Stubblefield with the intent to murder, rob or rape him. Thus, the jury could not have been misled by the charge and appellant's due process rights were not violated. See *Dukes v. State*, 265 Ga. 422, 424 (457 SE2d 556) (1995). As to the murder victim, there was no evidence of an intent to rape or rob and the jury acquitted appellant of malice murder; thus, the giving of the charge was harmless, id., see also *Moses v. State*, 270 Ga. 127 (4) (508 SE2d 661) (1998), or to appellant's benefit. See *Victorine v. State*, 264 Ga. 580 (6) (449 SE2d 91) (1994). We further note that the trial court read the indictment to the jury in advising it on both the separate charge of aggravated assault with a deadly weapon and the felony murder charge predicated on aggravated assault with a deadly weapon. See *Moses*, supra.

6. Contrary to appellant's argument, nothing in *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992) precludes his felony murder conviction. Appellant did not make a written request for a charge on voluntary manslaughter and thus the trial court did not err by failing to charge thereon. *Brown v. State*, 269 Ga. 67 (2) (495 SE2d 289) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K.*

*Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.