S01A1740. THOMAS v. THE STATE.
(554 SE2d 470)

BENHAM, Justice.

In a bench trial, appellant James Tyrone Thomas was found guilty of the malice murder of his girlfriend, Carrie Lee, and was sen-

tenced to life imprisonment.[1] On appeal, he contends the evidence was insufficient to support a finding that he was guilty of malice murder, and he maintains he is guilty of nothing more than voluntary manslaughter.

1. At the bench trial, the State presented evidence that, on November 6, 2000, appellant arrived at the Mitchell County Sheriff's office where he reported that he had just killed his girlfriend. After he was advised of his *Miranda* rights, he repeated the statement and gave his apartment key to the deputies to whom he made his statement. When they arrived at the apartment appellant shared with the victim, their infant son, and the victim's two other children, they found the victim lying face down on the floor of the master bedroom, with an electrical extension cord looped twice around her neck and twisted around a broom handle. The forensic pathologist who performed the autopsy testified the cord had been tightened around the victim's neck by twisting the broom handle in the cord to the point that the cord was so embedded in the victim's throat that it was difficult to cut the cord loose. The victim died due to ligature strangulation.

Appellant testified the victim threatened him with a kitchen knife after he said he was not going to work that morning and that he caught her knife-wielding hand, pushed her to the floor, and wrapped around her neck the extension cord she had over her shoulder, tightening it with a broom handle. When he got up and saw blood coming from the victim's nose, he threw the knife out the apartment's back door and went to the sheriff's office. In rebuttal, the deputies testified that appellant had not told them about the knife when he reported the death, and that they had not found a knife when they searched the scene. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McAllister v. State*, 270 Ga. 224 (3) (507 SE2d 448) (1998).

2. Appellant contends the State did not present evidence that appellant acted with malice. OCGA § 16-5-1 (b) defines express malice as "that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof[,]" and provides that malice may be implied "where no con-

---

[1] The victim was killed on November 6, 2000, and appellant was arrested the same day. A true bill of indictment charging appellant with malice murder was returned on January 2, 2001. Appellant executed a written waiver of his right to a jury trial on April 12, and was tried in a bench trial on April 25. The trial concluded the same day with the trial court finding appellant guilty of malice murder and sentencing him to life imprisonment. Appellant filed a notice of appeal on May 22, 2001, and the appeal was docketed in this Court on August 20, 2001. It was submitted for decision on the briefs.

siderable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." It is for the factfinder to determine, from all the facts and circumstances, whether the killing was intentional and malicious. *Sutton v. State,* 264 Ga. 222 (1) (443 SE2d 481) (1994). It is also for the factfinder to determine whether there was sufficient provocation to excite a sudden, violent and irresistible passion as to reduce the offense from murder to manslaughter. *Roseborough v. State,* 270 Ga. 143, 145 (508 SE2d 656) (1998). The trial judge, sitting as factfinder, stated he first considered voluntary manslaughter, but determined that the facts and circumstances of the case did not warrant or support a conviction for that crime, and found appellant guilty of malice murder. That the electrical cord was wrapped twice around the victim's neck and then was tightened by repeatedly twisting the cord around a broom handle, and that appellant did not initially report the victim's purported threatening behavior is evidence that supports the trial court's conclusion. Appellant's testimony that the victim provoked him did not establish, as a matter of law, that appellant did not act with malice since the existence of provocation does not preclude the existence of malice. *Anderson v. State,* 248 Ga. 682 (3) (285 SE2d 533) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2001.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.