## S02A0690. STAFFORD v. THE STATE.
(566 SE2d 663)

THOMPSON, Justice.

Defendant Terry Joe Stafford was convicted of malice murder, possession of a knife during the commission of a crime, six counts of cruelty to children, and two counts of possession of marijuana.[1] He appeals, enumerating error upon the general grounds and the admission of a statement reflecting his mood on the day in question. We find no error and affirm.

On the day in question, the victim, James Franklin Dilbeck, his

---

[1] The crimes occurred on August 21, 1999. Stafford was indicted on October 13, 1999, and charged with malice murder, felony murder, possession of a knife in the commission of a crime, terroristic threats, six counts of cruelty to children and two counts of possession of marijuana. Trial commenced on March 27, 2000, and the jury returned its verdict on March 30, finding Stafford guilty on all counts, with the exception of terroristic threats. The trial court sentenced Stafford to life in prison for malice murder, five consecutive years for the knife charge, twenty years for each child cruelty count, and twelve months for each marijuana charge. Stafford's timely filed motion for a new trial was denied on September 11, 2001, and Stafford filed a notice of appeal on September 28. The case was docketed in this Court on January 23, 2002, and submitted for a decision on briefs on March 18, 2002.

wife and children were eating lunch outside at an apartment complex. They were joined by other adults and several children. Stafford, who rented an apartment nearby, was annoying people at the complex and he was asked to leave. At that, Stafford became agitated and shouted obscenities. Soon, the victim approached Stafford and told him not to use obscenities in the presence of his children. The victim also asked Stafford to leave.

Stafford went to his apartment for a few minutes. When he emerged he resumed shouting and then "went into a complete rage." He continued to yell obscenities and said he had something for the victim.

The victim, who was unarmed, crossed the street and approached Stafford. They began to argue and scuffle, and the victim swatted at Stafford. In the midst of the scuffle, Stafford unveiled a knife with a five-inch blade, stabbed the victim in the chest, and ran.

The victim bled to death in front of his children. An autopsy demonstrated that the wound was consistent with an initial downward thrust of the blade, followed by an upward thrust, with force sufficient to break the blade.

Later, Stafford was arrested. At the time of his arrest, police found marijuana on his person and in his apartment.

1. The evidence was sufficient to enable any rational trier of fact to find Stafford guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence did not demand a finding of voluntary manslaughter simply because the victim approached Stafford or swatted at him. See *Anderson v. State*, 248 Ga. 682, 683 (3) (285 SE2d 533) (1982) (whether provocation is sufficient to reduce the offense from murder to manslaughter is a question for the jury).

2. Stafford asserts the trial court erred in permitting a witness to testify that Stafford told him he was upset on the day in question because someone had stolen his marijuana plants. We disagree. The evidence was admissible to show Stafford's state of mind, see *Klinect v. State*, 269 Ga. 570, 574 (7) (501 SE2d 810) (1998), as well as to prove the marijuana charges. It was not rendered inadmissible simply because it incidentally put Stafford's character in issue. *Ware v. State*, 273 Ga. 16, 17 (2) (537 SE2d 657) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 2002.

*Robert L. Ferguson, Russell B. Lariscy, Jr.*, for appellant.
*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

*Smith, Senior Assistant Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.

